**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ZURICH AMERICAN INSURANCE
COMPANY,

*Plaintiff,*

vs.

Case No. 6:20-cv-01295-PGB-EJK

TAVISTOCK RESTAURANTS GROUP, LLC,

*Defendant.*

## DEFENDANT'S MOTION TO DISMISS OR STAY, AND TRANSFER

Defendant, Tavistock Restaurants Group, LLC, pursuant to Fed. R. Civ. P. 12 hereby moves this Court to dismiss or stay this action and transfer it to the Northern District of Illinois and/or the Circuit Court of Cook County, pending resolution of Tavistock Restaurants Group, LLC's Motion for Remand and Zurich American Insurance Company's Motion to Transfer currently pending before the Honorable John Kness in the Northern District of Illinois, Case No. 1:20-cv-04364.

I.      **INTRODUCTION**

This one-count declaratory judgment action was filed by Zurich American Insurance Company ("Zurich") to preempt a state court lawsuit by Tavistock Restaurants Group, LLC ("Tavistock"), who is the "natural plaintiff" here. By filing the present lawsuit, Zurich has engaged in improper "procedural fencing" and forum shopping. Despite receiving thousands of claims from policyholders like Tavistock for covered losses sustained as a result of the pandemic, it appears Zurich has only filed suit against one policyholder – Tavistock, to whom Zurich issued a businessowners policy with limits in excess of $100,000,000. Zurich then scoured over the electronic docket reporting system maintained by the Circuit Court of Cook County, IL, waiting

for Tavistock to file its intended declaratory judgment action (in the most appropriate venue – Zurich's principal place of business) before "snap removing" the case *the day after it was filed* to the Northern District of Illinois and has sought removal of the case to the Middle District of Florida. Zurich's anticipatory filing is a clear example of forum shopping, and a blatant attempt to direct the case out of the proper, chosen forum of Tavistock, the natural plaintiff. For these reasons, which are more fully articulated below, this Court should exercise its discretion and dismiss this case in favor of the Illinois proceeding.[1]

## II.      FACTUAL BACKGROUND

### A.  The Declaratory Judgment Action - Generally

This declaratory judgment action involves a dispute between Tavistock, who operates a network of restaurants with an assortment of dining, including Freebirds World Burrito and a series of "luxury restaurants" located throughout the United States. Tavistock has more than sixty (60) Freebirds locations throughout Texas, California, Tennessee and Oklahoma.  The twenty (20) luxury restaurants are located in Florida, Massachusetts, California, Illinois, Nevada, and Georgia. In total, only seven (7) of the approximately 80 restaurants are located in Florida.

The Freebirds chain is headquartered in the Tavistock offices in Austin, Texas, and has fifty-nine (59) locations throughout Texas alone. Generally speaking, all legal notices for Tavistock – and Freebirds – are sent to its office in Austin, Texas, which is also where relevant documents pertaining to claimed losses sustained here are stored. Moreover, key witnesses for Tavistock that may be called to testify in this case, including but not limited to a 30(b)(6) witness, are located in Austin, Texas or Berkeley, California. See Affidavits of Chynna Goldstein and Richard Nace.

---

[1] In the alternative and to not further unnecessarily delay litigation in this court, Tavistock has filed an answer to Zurich's complaint contemporaneous to the filing of this motion.

Tavistock submitted a timely claim for insurance coverage benefits, which Zurich denied. Critically, Zurich never sought a declaration from any Court prior to denying the claim which it admittedly had the right to do. Tavistock sought coverage for losses stemming from the coronavirus outbreak, including governmental shut-down orders. Specifically in its state court filing, Tavistock alleges it suffered direct physical loss of and damage to property located at its premises due to the presence and spread of SARS-CoV-2 (commonly referred to "coronavirus") particles, a physical substance, as well as losses resulting from orders issued by various "civil authority" state actors (e.g., Governors and Departments of Health, etc.) prohibiting access to and suspending and/or restricting Tavistock's dining operations in response to the presence and spread of SARS-CoV-2 and COVID-19 disease in the community.

**B.  Relevant Factual Background and Procedural Posture**

On or around May 19, 2020, Tavistock provided notice of a claim to Zurich. (see Affidavit of Chynna Goldstein, ¶4) Notice was provided by Chynna Goldstein, a Human Resources Manager at Tavistock Restaurants, LLC. (Id.) Ms. Goldstein's office is located in Berkeley, California. (Id., at ¶4) Her contact information was also provided with the claim submission. (Id.) Shortly thereafter on May 29, 2020, after conducting a perfunctory investigation, Zurich denied Tavistock's claim; however, Tavistock did not receive the denial letter from Zurich for nearly two (2) weeks, on June 9, 2020. (Id., ¶8)

On July 21, 2020, in anticipation of Tavistock filing suit, Zurich filed its Complaint for Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"), against Tavistock in the United States District Court for the Middle District of Florida, Orlando Division. Zurich claims jurisdiction is appropriate pursuant to 28 U.S. C. § 1332.

On July 23, 2020, Tavistock filed its Complaint and Request for Declaratory Relief in the Circuit Court of Cook County, Illinois, seeking a declaratory judgment under Illinois state law, pursuant to 735 ILCS 5/2-701.

On July 24, 2020, Zurich – in an attempt to circumvent the abstention doctrine and nullify the general purpose of the forum defendant rule – filed for "snap removal" before being "properly joined and served" in the State Court Action, effectively removing the State Court Action to the Northern District of Illinois.

On August 3, 2020, Tavistock filed its Motion for Remand seeking to have the case remanded back to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1447.

On August 11, 2020, Zurich filed its Motion to Transfer Venue to the United States District Court for the Middle District of Florida.

On September 4, 2020, Tavistock and Zurich exchanged responses to the other party's respective motions. Replies in support of Tavistock's Motion to Remand and Zurich's Motion to Transfer are due on or before September 18, 2020.

On September 18, 2020, Tavistock and Zurich filed replies in support of their motions for remand and to transfer, respectively.

On October 20, 2020, contemporaneous wit this filing, Tavistock filed its answer to Zurich's complaint.

In all actions, no relief is sought other than a declaration of the parties' rights and obligations under the insurance policy Zurich issued to Tavistock.

III.   **LEGAL FRAMEWORK**

A. **Florida is not the most convenient venue to resolve this declaratory judgment action.**

Motions to transfer venue are governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Determining the propriety of transferring venue is a two-step inquiry. First, transfer under Section 1404(a) is limited to courts where the action might have been brought initially. *See Hoffman v. Blaski,* 363 U.S. 335, 343-44 (1960). Next, the district court must determine whether the action should be transferred for the convenience of the parties and in the interest of justice. In making this determination, the court is vested with broad discretion. *England v. ITT Thompson Indus., Inc*., 856 F.2d 1518, 1520 (11th Cir.1988); *Ramsey v. Fox News Network, LLC,* 323 F.Supp.2d 1352, 1355 (N.D.Ga.2004). The burden is on the moving party to show that the balance of conveniences weighs in favor of the transfer. *In re Ricoh Corp.,* 870 F.2d 570, 573 (11th Cir.1989).

1. **This Action Could Have Originally Been Brought in the Chicago in the Circuit Court of Cook County, Illinois or in the Northern District of Illinois.**

The threshold inquiry for a Section 1404(a) transfer is whether the transferee court is a district where the action originally might have been brought. A civil action where jurisdiction is based upon diversity of citizenship may be brought in a judicial district: (1) where any defendant resides, if all defendants reside in the same State; (2) where a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated; or (3) where any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a).

Per the allegations of Zurich's complaint, Zurich is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Cook County, IL 60196. Thus, Zurich is subject to personal jurisdiction in Chicago, Cook County, IL where the Circuit Court of Cook County and the Northern District of Illinois reside and a court where this action might have been originally brought.

## 2. This action should be transferred for the convenience of the parties and in the interest of justice.

The Court must next determine whether the balance of justice and convenience favors transfer. In doing so, courts consider various factors, including: (i) the convenience of the witnesses; (ii) the location of relevant documents and the relative ease of access to sources of proof; (iii) the convenience of the parties; (iv) the locus of operative facts; (v) the availability of process to compel the attendance of unwilling witnesses; (vi) the relative means of the parties; (vii) a forum's familiarity with the governing law; (viii) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on a totality of the circumstances. *Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 n. 1 (11th Cir.2005); *Martin v. South Carolina Bank,* 811 F.Supp. 679, 685 (M.D.Ga.1992). These factors weigh in favor of transferring this case to the Northern District of Illinois or the Circuit Court of Cook County.

### i. The Convenience of the Witnesses

The convenience of the witnesses does not favor Florida. The witness(es) with the most knowledge regarding the relevant issues in this litigation reside in Texas and/or California. Specifically, Richard Nace, Tavistock's Deputy General Counsel who supervises the corporate governance and legal affairs for the business(es), resides in Austin, Texas. All legal notices for Tavistock – and Freebirds – are sent to his office in Austin, Texas. Mr. Nace is the corporate

representative with the most knowledge of the issues in this case. Florida is not a convenient forum for Tavistock's key witnesses with information relevant to this case.

Illinois will prove to be a far more convenient forum for Zurich, whose claims department is based in Schaumburg, Cook County, IL, and for the potential Zurich witnesses that can and will provide information relevant to the coverage issues implicated in this action. Indeed, Zurich's current Chief Executive Officer, Chief Claims Officer, Chief Legal Officer, and Chief Risk Officer are all located in the greater-Chicagoland area. Moreover, the ease and access of relevant documents will most certainly be located in Schaumburg, Cook County, IL, where Zurich's claims department and Customer Care Center is headquartered. Clearly, the source of relevant information related to the claim investigation and denial of coverage for Tavistock's claim is located in Cook County, Illinois.

### ii.   The Location and Ease of Access of Relevant Documents

The relevant documents related to this coverage dispute will be accessible through Zurich's claims department and Customer Inquiry Center located in Schaumburg, Cook County, IL. The subject policy that Zurich drafted (presumably in Illinois) directs policyholders to Zurich North America's Customer Inquiry Center with queries regarding their policy and claims:



QUESTIONS ABOUT YOUR INSURANCE?  Your agent or broker is best equipped to provide information about your insurance.  Should you require additional information or assistance in resolving a complaint, call or write to the following (please have your policy or claim number ready):

Zurich in North America
Customer Inquiry Center
1299 Zurich Way
Schaumburg, Illinois 60196-1056
1-800-382-2150 (Business Hours:  8am - 4pm [CT])
Email: info.source@zurichna.com

(Docket No. 1, Ex. 2, pg. 9/173) When you go online to the Customer Inquiry Center, it directs you to the claim's customer care team, again located in Schaumburg, Cook County, Illinois:

(https://www.zurichna.com/claims). Through Zurich's website, policyholders like Tavistock can file and check the status of its pending claim. As an aside, when you click on the Terms of Use section of the website, it specifically provides Illinois law applies and controversies or claims are to be resolved in Chicago, Illinois via arbitration. See https://www.zurichna.com/services/terms-of-use. Clearly, Chicago, where the Circuit Court of Cook County and the Northern District of Illinois are located – is the most convenient – and preferred – forum for Zurich to litigate and resolve legal disputes, and is the location where relevant documents will be.

### iii.  The Convenience of the Parties

It is not convenient for the parties to have this case litigated in Florida, far away from Zurich's corporate headquarters and claims department, and where a small minority of Tavistock's insured restaurants are located. Indeed, the seminal question to be resolved in this action, which Zurich is clearly ignoring, is whether coverage is afforded to Tavistock's restaurants located across the country. As previously stated, Tavistock has more than sixty (60) Freebirds locations throughout Texas, California, Tennessee and Oklahoma, as well as and additional twenty (20) luxury, high-end restaurants located in Florida, Massachusetts, California, Illinois, Nevada, and

Georgia. In total, only seven (7) restaurants are located in Florida. The Freebirds chain is headquartered in Austin, Texas, which has fifty-nine (59) locations throughout Texas alone. Moreover, none of the key witnesses that will testify or provide documents regarding this litigation reside in or are maintained in Florida. Clearly, the distribution of Tavistock's restaurants in no way favors keeping this case to Florida. Under these circumstances, the convenience of the parties is best served by transferring the case in the state where Zurich resides and where its claims department maintains its office.

Moreover, there are other cases currently pending against Zurich both in the Circuit Court of Cook County and the Northern District of Illinois. These cases include:

- *Crescent Plaza Hotel Owner L.P. v. Zurich American Insurance Company*, 20-cv-03463 (Northern District of Illinois)

- *America's Kids, LLC v. Zurich American Insurance Company*, 20-cv-03520 (Northern District of Illinois)

- *Cadillac Funding Associates LLC v Zurich American Insurance Company,* 2020 L 006709 (Circuit Court of Cook County, Illinois, County Department, Law Division)

- *Firebirds International LLC v. Zurich American Insurance Co., case number* 2020 CH 05360 (Circuit Court of Cook County, Illinois, County Department, Chancery Division)

The other cases currently pending in the Northern District of Illinois against Zurich (other than the case against Tavistock that it removed) are all putative class actions and neither involve the Zurich Edge policy at issue here. The Class Action Fairness Act provided the primary basis for federal jurisdiction in those cases. Compare with the other cases pending in the Circuit Court of Cook County, which are both single-plaintiff cases and have not been removed. Similarly, the policyholders – not Zurich – are the plaintiffs in those cases. Clearly, Zurich is quite comfortable litigating in both the Circuit Court of Cook County and the Northern District of Illinois.

Accordingly, this factor weighs more heavily in favor of transferring this case to the Circuit court of Cook County or Northern District of Illinois (in accordance with the court's ruling in the Northern District of Illinois on similar pending motions).

### iv.  The Forum's Familiarity with Governing Law

Florida law does not apply to this case. The underlying question of law presented here is whether the Zurich policy provides coverage for physical damage or loss to Tavistock's insured properties throughout Texas, California, Tennessee, Oklahoma, Massachusetts, California, Illinois, Nevada, Georgia, and Oklahoma related to losses sustained from the coronavirus pandemic. Florida law has consistently found that the significant relationship test governs insurance contracts on real property, and not the *Lex Loci Contractus* test used for other policies of insurance.

In contract disputes, Florida courts generally look to law of the state where the contract was made. See *Goodman v. Olsen*, 305 So.2d 753, 755 (Fla.1974), cert. denied, 423 U.S. 839, 96 S.Ct. 68, 46 L.Ed.2d 58 (1975); *Estate of Santos v. Nicole–Sauri*, 648 So.2d 277, 280 (Fla.App. 4th Dist.1995). This rule, known by the archaic label *lex loci contractus*, more specifically "directs that, in the absence of a contractual provision specifying the governing law, a contract (other than one for the performance of services) is governed by the law of the state in which the contract is made, i.e., where the last act necessary to complete the contract is done." *Fioretti v. Massachusetts Gen. Life Ins. Co.*, 53 F.3d 1228, 1235 (11th Cir.1995), cert. denied, 516 U.S. 1046, 116 S.Ct. 708, 133 L.Ed.2d 663 (1996). The Eleventh Circuit has held, however, that Florida courts would not apply the same rule in cases involving an insurance contract on real property. *See Lafarge Corp. v. Travelers Indemnity Co.*, 118 F.3d 1511 (11th Cir. 1997) (electing to apply the "significant relationships" test to an insurance contract that insures real property).; see also *Shapiro v.*

*Associated Int'l Ins. Co.*, 899 F.2d 1116, 1118–21 (11th Cir.1990) [emphasis added]. In *Shapiro*, the court reasoned that because real property is stationary and immobile, the policy reasons for utilizing *lex loci contractus* factors were not salient. The court noted that "[u]nlike a contract for automobile insurance where the location of the insured risk can vary as readily and as quickly as an automobile can move … a risk whose location was unchanging." *Shapiro*, 899 F.2d at 1119. This was reinforced in *Lagarge Corp.*, where the 11th Circuit affirmed the district court's ruling "conclud[ing] that the Florida Supreme Court would apply the significant relationship test because all these contracts involve insurance on real property." *LaFarge Corp.*, 118 F.3d at 1515. Thus, this court should apply the "significant relationship" test.  In the present matter, only seven (7) restaurants of Tavistocks combined eighty (80) plus insured locations are located in Florida. This fact heavily weighs against the application of Florida law.

Moreover, the Zurich Edge policy at issue is a commercial property policy intended for "global property" customers like Tavistock. Zurich clearly appreciated that it was insuring properties not limited to one locale, yet knowingly decided not to include a choice of law provision in the policy. Zurich cannot re-write the policy, the law of this State, or engage in improper forum shopping to conclude Florida law governs.

**v.  <u>Minimal Weight is Afforded to Zurich's Choice of Forum</u>**

Ordinarily, a plaintiff's choice of forum is granted a great deal of deference. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947)("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); *In re Ricoh,* 870 F.2d at 573. However, the fact that a substantially similar action is pending currently in the transferee court counsels in favor of transfer because of the opportunity for consolidation and, thus, the conservation of judicial resources.[3] *See Carl v. Republic Sec. Bank,* No. 018981 CIVHURLEY,

11

2002 WL 32167730, *4 (S.D.Fla. Jan. 22, 2002); *Martin,* 811 F.Supp. at 685 ("Undoubtedly, the most compelling reason for transfer is that there are related proceedings pending in the [transferee district]."); *Chrysler Capital Corp. v.. Woehling,* 663 F.Supp. 478, 483 (D.Del.1987). Nevertheless, courts often apply the "first filed" rule, which provides that when actions involving nearly identical parties and issues are pending simultaneously in courts with concurrent jurisdiction, the court in which the first suit was filed should typically hear the case. *See Autonation, Inc. v. Whitlock,* 276 F.Supp.2d 1258, 1264 (S.D.Fla.2003); *Martin,* 811 F.Supp. at 686. But the first filed rule is not applied mechanically, and exceptions are made in compelling circumstances. *Manuel,* 430 F.3d at 1135. Compelling circumstances may be found where a declaratory judgment action is filed in anticipation of another suit and is being used for forum shopping purposes. *See id.* ("[O]ne equitable consideration ... is whether the ... action was filed in apparent anticipation of the other pending proceeding."); *Ven-Fuel, Inc.,* 673 F.2d at 1195 (affirming district court's dismissal of first filed anticipatory declaratory judgment action); *Amerada Petroleum Corp. v. Marshall,* 381 F.2d 661, 663 (5th Cir.1967) (district court properly considered fact that declaratory judgment action was filed in anticipation of defendant's breach of contract action); *FMC Corp. v. AMVAC Chem. Corp.,* 379 F.Supp.2d 733, 744 & n. 23 (E.D.Pa.2005) (collecting cases); *Z-Line Designs, Inc. v. Bell'O Int'l, LLC,* 218 F.R.D. 663, 665 (N.D.Cal.2003) (anticipatory declaratory judgment suits filed in response to indications from defendant of imminent suit are examples of forum shopping); *Heatron, Inc. v. Shackelford,* 898 F.Supp. 1491, 1494-95 (D.Kan.1995) (exception to first-filed rule may apply where declaratory judgment action is triggered by receipt of notice letter). In some instances, "the mere fact that a plaintiff filed its declaratory judgment action first does not give it a 'right' to choose a forum." *Patton Elec. Co. v. Rampart Air, Inc.,* 777 F.Supp. 704, 708

(N.D.Ind.1991) (*citing Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.,* 819 F.2d 746, 749-50

(7th Cir.1987)). This is particularly true when there is evidence that the underlying motivation for

the first-filed action is forum shopping. *See Schwarz v. National Van Lines, Inc.,* 317 F.Supp.2d

829, 833 (N.D .Ill.2004) ("[C]ourts refuse to enforce the first to file rule where forum shopping

motivated the first-filed action or the first-filed action constitutes an 'improper anticipatory filing'

made under threat of an imminent suit and asserting the mirror-image of that suit in another

district."); *Barrington Group, Ltd. v. Genesys Software Sys., Inc.,* 239 F.Supp.2d 870, 873

(E.D.Wis.2003) (presumption of first-to-file rule "diminishes if the purpose of that first filing is

simply to preempt the choice of venue").

Here, Zurich filed suit shortly after receiving a notice of Tavistock's claim and within

weeks of sending its denial letter. Zurich's only motivation for filing suit was to preempt

Tavistock's filing. Why else would it file against Tavistock and not the thousands of other

policyholders to which it issued policies? Why else would it monitor the electronic docket report

in the Circuit Court of Cook County and "snap remove" Tavistock's case to the Northern District

of Illinois? The only logical explanation is that Zurich filed suit in anticipation of Tavistock doing

so. Consequently, this Court should dismiss or stay this declaratory judgment action in favor of

the Illinois action.

### vi.  Interests of Justice

The interests of justice favor removing the case to Illinois, Tavistock's intended forum

where Zurich is headquartered and where its claims department and relevant materials are located.

Further, keeping the case in Florida will serve as a tacit approval of Zurich's tactical

gamesmanship. Zurich's actions in this action, as well as in the parallel case in Illinois, has been

nothing short of egregious. *First*, Zurich took the unprecedented step of filing suit against

Tavistock, quite possibly the only such case filed against a policyholder arising out of a claim for damages as a result of the pandemic. *Second*, Zurich filed for "snap removal" the day after Tavistock filed its state court action in the Circuit Court of Cook County before it could be "properly joined and served" pursuant to 28 USC § 1441 (b)(2).  As a practical matter, service of summons in Cook County, Illinois does not and cannot happen immediately, or anything close to it. Indeed, If a plaintiff who filed a lawsuit in the Circuit Court of Cook County were to go from the clerk's office to the sheriff's office and request instantaneous service of summons on the defendant, the request would be dismissed out of hand. However, a case filed in the Circuit Court is entered into an electronic recordkeeping system perhaps almost instantaneously. Zurich, who is based in Cook County and is frequently sued there, knows this all to well and used this knowledge to cause an unfair, improper result. *Third*, Zurich opposed Tavistock's attempt to set-aside this court's technical default, unambiguously trying to force Tavistock to waive its viable forum defenses. Clearly, Zurich has engaged a pattern of bad conduct that should not be rewarded by this court.

### B.  *Brillhart/Wilton* Abstention Doctrine Further Warrants Transfer

Abstention in deference to the Illinois proceeding is appropriate here. For reasons of economy, comity, and fairness, the Supreme Court has held that a district court should abstain from deciding Declaratory Judgment Act ("DJA") suits under certain circumstances— circumstances which are inevitably present here. *Brillhart/Wilton* abstention derives its name from *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), a case involving an insurer which, anticipating a suit by a policyholder, filed its own declaratory judgment action in federal court seeking a declaration of no coverage. The district court dismissed in favor of a later-filed state garnishment proceeding, to which the insurer had been added as a defendant. The Court of

Appeals reversed. The U.S. Supreme Court in turn reversed the Court of Appeals, remanding to the district court and holding that "[a]lthough the District Court had jurisdiction of the suit under the [DJA], it was under no compulsion to exercise that jurisdiction." *Id*. at 494.

The Supreme Court first noted the sweeping discretion implied in the text of the DJA and went on to stress that "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Id*. at 494. With these principles in mind, the Court created the first step in an ever-expanding body of law with the following holding:

> "Where a district court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court."

*Id*. at 495 (emphasis added). The Supreme Court directed the district court to consider *inter alia*: (i) the scope of the pending state action and the nature of defenses there; (ii) whether the claims of all parties in interest can satisfactorily be adjudicated in state court; (iii) whether necessary parties have been joined; and (iv) whether such parties are amenable to process in that proceeding. *Brillhart*, 316 U.S. at 495.

The Supreme Court took this issue up again with *Wilton v. Seven Falls Company, 515 U.S. 277 (1995)*. *Wilton* arose from an underlying suit between the policyholder respondents and other parties in which petitioner insurers refused to defend or indemnify. After an adverse verdict in the underlying action, the policyholders informed the insurers of their intent to bring a coverage action in Texas state court. The insurers won the race to the courthouse and filed a declaratory action in the U.S. District Court for the Southern District of Texas. The district court stayed the federal action in favor of the later-filed state court suit, employing a *Brillhart* abstention analysis, and the Court of Appeals affirmed. *Id*. at 279-281. The Supreme Court unanimously affirmed the decision of the Court of Appeals. The Court noted that: "Distinct features of the Declaratory Judgment Act,

we believe, justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the "exceptional circumstances" test of *Colorado River* and *Moses H. Cone*." *Wilton*, 515 U.S. at 286.[2] The "distinctive feature" that the Court highlighted is the "unique and substantial discretion," which the DJA grants the federal courts. *Id*. The Supreme Court summarized the general policy underlying *Wilton* as follows: "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. In so holding, the Court reinforced the two policy preferences that motivated the district court in the case: avoidance of piecemeal litigation and prevention of forum shopping. Id. at 280.

Additionally, the Supreme Court's most recent pronouncement on these issues created no such requirement that there actually be a parallel state court proceeding for the abstention doctrine to apply. 515 U.S. at 282–90, 115 S.Ct. 2137. While parallel proceedings do figure in the holding of *Wilton*, it is not a necessary requirement. There the Court stated:

> [W]e conclude that [*Brillhart*] governs this declaratory judgment action and that district courts' decisions about the propriety of hearing declaratory judgment actions, which are necessarily bound up with their decisions about the propriety of granting declaratory relief, should be reviewed for abuse of discretion. ***We do not attempt at this time to delineate the outer boundaries of that discretion in other cases, for example, cases raising issues of federal law or cases in which there are no parallel state proceedings***. Like the Court of Appeals, we conclude only that the District Court acted within its bounds in staying this action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court.

*Wilton*, 515 U.S. at 289–90, 115 S.Ct. 2137. [emphasis added] *Wilton* thus holds that the DJA confers discretion on the district courts to decline to hear cases. One factor is the existence of adequate parallel proceedings, but it is by no means dispositive.

---

[2] See *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983) for context.

In sum, this Court should abstain from hearing this case. Zurich concedes in its complaint that an actual controversy exists. (Document 1, ¶ 14) The determinative facts giving rise to this potential coverage dispute have occurred prior to the initial demand on the insurance company to pay a claim on behalf of the insured under the terms of the policy in question, which claim Zurich denied. (Document 1, ¶¶ 11 and 12) The actual controversy involves whether Tavistock's monetary losses are covered under the policy. These are the very facts that are part and parcel of the Illinois action as well. Because Plaintiff is only seeking a declaratory judgment action, the *Wilton/Brillhart* abstention doctrine applies and this case should be dismissed or stayed and transferred to Illinois.

## C. Zurich Seeks to Displace Tavistock as the Natural Plaintiff

Lastly, this Court should exercise its discretion to disallow Zurich's attempt to displace Tavistock as the "natural plaintiff." "Where a pending coercive action, filed by the *natural plaintiff*, would encompass all the issues in the declaratory judgment action, the policy reasons underlying the creation of the extraordinary remedy of declaratory judgment are not present, and the use of that remedy is unjustified." *AmSouth Bank v. Dale*, 386 F.3d 763, 787 (6th Cir. 2004) (ruling that district court abused its discretion in not dismissing declaratory judgment action) (emphasis added). Such attempts to displace the "natural plaintiff" are further disfavored even when the declaratory judgment action is filed before the lawsuit by the natural plaintiff. *Sustainable Low Maintenance Grass, LLC v. Cutting Edge Solutions, LLC*, 2014 WL 4656627, at *3 (D.Mass.) (dismissing declaratory judgment action in favor of later-filed action by natural plaintiff); *Malibu Boats, LLC v. Marine Power Holding, LLC*, 2015 WL 3626997, at *3 (E.D.Tenn.) (dismissing action to dissuade "forum shopping and procedural fencing"). "Even where the basic requirements for a declaratory judgment action are met, it is still within the discretion of the district court to decline to hear a declaratory judgment action, especially when

17

the 'natural defendant' seeks to displace the 'natural plaintiff.' *Sunrise Senior Living, Inc. v. APB, Inc.*, 2006 WL 2852853, at *2 (S.D. Fla.) (granting motion to dismiss on that basis and others).

In this case, Zurich is seeking to displace Tavistock as the natural plaintiff. Zurich filed suit outside Illinois where it is already defending numerous other actions weeks after it denied Tavistock's claim in a forum where a minority of Tavistock's businesses are located. It bears repeating that despite receiving likely thousands of claims, Zurich specifically chose to file suit against Tavistock – possibly the only case in the country initiated by an insurance company seeking a declaration of coverage for losses sustained as a result of the pandemic. This, followed by Zurich snap removing the Illinois action to federal court then seeking transfer, point to an attempt to improperly displace Tavistock as the natural plaintiff. This declaratory judgment action serves no other useful purpose, and the Court should dismiss or stay it.

## IV.    CONCLUSION

For the foregoing reasons, this Court should exercise its discretion and transfer this matter back to the Circuit Court of Cook County and/or the Northern District of Illinois (pending resolution of the motions presently before the Honorable John Kness) where both parties will have the opportunity to fully present their cases, and for any other relief this court deems just and proper.

Dated: October 20, 2020                    Respectfully submitted,

                                           /s/ *John F. Romano*_____
                                           John F. Romano
                                           Fla. Bar. No. 175700
                                           ROMANO LAW GROUP
                                           1601 Belvedere Rd., Suite 500-South
                                           West Palm Beach, Florida 33406-1551
                                           Phone: 561-533-6700
                                           Fax: 561-533-1285
                                           Email: john@romanolawgroup.com

                                           -and-

                                           /s/ *David A. Neiman*_____
                                           Antonio M. Romanucci (*Pro Hac Vice*)
                                           David A. Neiman (*Pro Hac Vice*)
                                           Gina A. DeBoni (*Pro Hac Vice*)
                                           ROMANUCCI AND BLANDIN, LLC
                                           321 N. Clark Street, Suite 900
                                           Chicago, IL 60654
                                           Phone: (312) 458-1000
                                           Fax: (312) 458-1004
                                           Email: aromanucci@rblaw.net
                                                   dneiman@rblaw.net
                                                   gdeboni@rblaw.net
                                           *Counsel for Defendant Tavistock Restaurants*
                                           *Group, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic

filing using the CM/ECF system with the Clerk of the Court on October 20, 2020, which sent e-

mail notification of such filing to all CM/ECF participants.

> /s/ *David A. Neiman*_____
> David A. Neiman
> ROMANUCCI AND BLANDIN, LLC
> 321 N. Clark Street, Suite 900
> Chicago, IL 60654
> Phone: (312) 458-1000
> Fax: (312) 458-1004
> Email: dneiman@rblaw.net