# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ZURICH AMERICAN**
**INSURANCE COMPANY,**

      **Plaintiff,**

v.                                                 Case No: 6:20-cv-1295-PGB-EJK

**TAVISTOCK RESTAURANTS**
**GROUP, LLC,**

      **Defendant.**

_____/

## ORDER

This cause comes before the Court following the Court's Order to Show Cause why this matter should not be consolidated with 6:21-cv-830 for all purposes. (Doc. 75). The rationale for this directive was that, by all appearances, both actions involve the same underlying insurance policy and parties such that it would be an exceedingly inefficient use of judicial—and party—resources to allow the similar disputes to be litigated in two separate lawsuits in the same court before the same judge. Both parties responded and indicated that they consent to consolidation. (Docs. 76, 77).

The law is clear that district courts are authorized to consolidate cases *sua sponte*, without a motion from the parties. *See, e.g.*, *Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) ("A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*"); *see also*

*Disher v. Citigroup Global Mkts., Inc.*, 487 F. Supp. 2d 1009, 1013 (S.D. Ill. 2007) ("A court may order consolidation *sua sponte* and, if need be, over the objections of parties.").

Under Fed. R. Civ. P. 42(a), district courts have the authority to consolidate multiple actions involving common a question of law or fact. *Id.* The Eleventh Circuit has explained that consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995). In exercising that discretion, courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). "Actions that involve the same parties are apt candidates for consolidation . . . [and] consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." *Blasko v. Wash. Metro. Area Transit Auth.*, 243 F.R.D. 13, 15 (D.D.C. 2007).

Examination of these two cases confirms that there are considerable common questions of law and fact that consolidation would promote the interests of judicial economy and convenience without yielding any substantial inconvenience, delay, or expense for the Court or the litigants. For these reasons,

the Court exercises its discretion in favor of consolidating these actions pursuant to Rule 42(a) for all purposes, including discovery and trial.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. *Tavistock Restaurant Grp, LLC v. Zurich Am. Ins. Co.*, 6:21-cv-830-PGB-DCI shall be **CONSOLIDATED** with *Zurich Am. Ins. Co. v. Tavistock Restaurants Grp. LLC,* 6:20-cv-1295-PGB-EJK, for all purposes.

2. The Clerk is **DIRECTED** to consolidate Case No. 6:21-cv-830 with Case No. 6:20-cv-1295 for all purposes.

3. The Court designates Case No. 6:20-cv-1295 as the lead case. All filings from this point forward shall be filed in the lead case.

**DONE AND ORDERED** in Orlando, Florida, on May 27, 2020.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties