**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ZURICH AMERICAN**
**INSURANCE COMPANY,**

    **Plaintiff,**

**v.**          **Case No: 6:20-cv-1295-PGB-EJK**

**TAVISTOCK RESTAURANTS**
**GROUP, LLC,**

    **Defendant.**

_____/

**ORDER**

This cause comes before the Court on Plaintiff Zurich American Insurance Company's ("**Zurich**") Motion for Judgment on the Pleadings. (Doc. 113). The Motion for Judgment on the Pleadings is due to be granted.

Zurich initiated this action on July 21, 2020, seeking declaratory judgment that it properly denied Defendant Tavistock Restaurants Group, LLC's ("**Tavistock**") insurance claim. (Doc. 1). Thereafter, Tavistock filed a Counterclaim, seeking declaratory judgment that Zurich improperly denied its insurance claim. (Doc. 82).[1] On July 16, 2021, Zurich filed a Motion to Dismiss the Counterclaim (Doc. 85), which the Court granted on November 1, 2021 (Doc. 112 (the "**Order**")). The Court dismissed the Counterclaim without prejudice for

---

[1] Tavistock originally filed its Counterclaim on March 31, 2021. (Doc. 55). Tavistock amended its Counterclaim with the Court's leave on July 2, 2021. (Docs. 79, 80, 82).

failure to allege the existence of a "direct physical loss" under Georgia law, relying on the Eleventh Circuit's recent opinion in *Gilreath Fam. & Cosm. Dentistry, Inc. v. Cincinnati Ins. Co.*, No. 21-11046, 2021 WL 3870697 (11th Cir. Aug. 31, 2021). (*Id.*). The Court allowed Tavistock to file an Amended Complaint or, alternatively, to request dismissal with prejudice on or before November 15, 2021. (*Id.* at p. 11 n.11).

On November 3, 2021, Zurich filed the instant Motion for Judgment on the Pleadings, stating that the "dueling pleadings . . . ask for a determination of the same question: whether the [insurance policy at issue] provides coverage for Tavistock's purported business income losses allegedly caused by the COVID-19 virus, the COVID-19 pandemic, and government orders shutting down dining," which the Court "answered" on November 1, 2021. (Doc. 113, p. 7). Tavistock summarily responded in opposition on November 8, 2021, incorporating the arguments it made in opposition to Zurich's Motion to Dismiss. (Doc. 117).

However, on November 12, 2021, Tavistock requested the Court to dismiss the Counterclaim with prejudice to perfect the issue for appeal. (Doc. 119). The Court did so on November 17, 2021, and it directed Tavistock to advise whether it still opposed Zurich's Motion for Judgment on the Pleadings on or before November 19, 2021. (Doc. 120). On November 18, 2021, the parties jointly responded to the Court's directive, stating:

> While Tavistock opposes Zurich's Motion for Judgment on the Pleadings, Tavistock recognizes the Motion [for Judgment on the Pleadings] involves identical arguments evaluating the same coverage issues implicated in the Court's ruling on

> Zurich's Motion to Dismiss. The Parties, therefore, agree that Zurich's Motion for Judgment on the Pleadings is ripe for resolution and appeal to the [United States] Court of Appeals for the [Eleventh] Circuit. For the foregoing reasons, the Parties respectfully request that the Court enter the Order on Zurich's Motion for Judgment on the Pleadings in order to facilitate appeal of this matter.

(Doc. 121, p. 2) (internal quotations and citations omitted).

Given that the pleadings are closed, the pleadings do not raise any issues of material fact, the Court has already resolved the legal question presented, and the parties have agreed to the entry of judgment in Zurich's favor for purposes of appeal, the Court finds that judgment on the pleadings is appropriate. *See* FED. R. CIV. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."); *Jones v. NordicTrack, Inc.*, 236 F.3d 658, 660 (11th Cir. 2000) ("Judgment on the pleadings is appropriate when no issues of material fact are raised in the pleadings and the movant is entitled to judgment as a matter of law."). Thus, it is **ORDERED AND ADJUDGED** that Zurich's Motion for Judgment on the Pleadings (Doc. 113) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Zurich and against Tavistock and to thereafter close the file.

**DONE AND ORDERED** in Orlando, Florida on November 19, 2021.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties