**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ZURICH AMERICAN INSURANCE
COMPANY,

*Plaintiff-Appellant,*

vs.

Case No. 6:20-cv-01295-PGB-EJK

TAVISTOCK RESTAURANTS GROUP,
LLC,

*Defendant-Appellee.*

## NOTICE OF APPEAL

Notice is hereby given that Defendant-Appellee Tavistock Restaurants Group, LLC hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the Order (ECF No. 112 and ECF No. 120) entered in this action on November 1, 2021 and November 17, 2021, granting Plaintiff-Appellant Zurich American Insurance Company's Motion to Dismiss with prejudice, as well as the Order (ECF No. 122) and Judgment (ECF No. 123) entered in this action on November 19, 2021 and November 22, 2021, respectively, granting Plaintiff's Motion for Judgment on the Pleadings. Pursuant to Fed. R. App. P. 4(a)(1)(A), this Notice is timely filed within thirty days after entry of the Orders and Judgment appealed from.

Dated: December 2, 2021                      Respectfully submitted,

/s/ *David A. Neiman*
Antonio M. Romanucci
David A. Neiman
Gina A. DeBoni
ROMANUCCI AND BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
Phone: (312) 458-1000

Fax: (312) 458-1004
Email: aromanucci@rblaw.net
dneiman@rblaw.net
gdeboni@rblaw.net

Nicholas A. DiCello
**SPANGENBERG, SHIBLEY & LIBER, LLP**
1001 Lakeside Ave., Suite 1700
Cleveland, Ohio 44114
Email:ndicello@spanglaw.com

Robert P. Rutter
Robert A. Rutter
**RUTTER & RUSSIN, LLC**
One Summit Office Park, Suite 650
4700 Rockside Road
Cleveland, Illinois 44131
(216) 642-1425
Email:brutter@OhioInsuranceLawyer.com
bobbyrutter@ohioinsurancelawyer.com

John F. Romano
Fla. Bar. No. 175700
ROMANO LAW GROUP
1601 Belvedere Rd., Suite 500-South
West Palm Beach, Florida 33406-1551
Phone: 561-533-6700
Fax: 561-533-1285
Email: john@romanolawgroup.com

*Counsel for Defendant Tavistock Restaurants Group, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on December 2, 2021 using the Court's CM/ECF service, which will send notification of such filing to all counsel of record.

*/s/ David A. Neiman*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ZURICH AMERICAN
INSURANCE COMPANY,

          **Plaintiff,**

v.                              **Case No: 6:20-cv-1295-PGB-EJK**

TAVISTOCK RESTAURANTS
GROUP, LLC,

          **Defendant.**

_____/

## ORDER

This cause is before the Court on Plaintiff/Counter-Defendant Zurich American Insurance Company's ("**Zurich**") Motion to Dismiss the Counter-Complaint. (Doc. 85 (the "**Motion**")). Defendant/Counter-Plaintiff Tavistock Restaurants Group, LLC ("**Tavistock**") responded in opposition. (Doc. 88). With the Court's leave, Zurich replied in support of its Motion. (Doc. 96). Upon consideration, the Motion is due to be granted.

## I.    BACKGROUND

Zurich, an insurer, initiated this action on July 21, 2020. (Doc. 1). Thereafter, Tavistock, the insured and the owner and operator of restaurants in Texas, California, Tennessee, Oklahoma, Florida, Massachusetts, Illinois, Nevada, and Georgia, filed a one-count counterclaim under the Declaratory Judgment Act,

28 U.S.C. § 2201. (Doc. 82 (the "**Counterclaim**")).[1] The Counterclaim requests the Court to declare that Zurich improperly denied Tavistock's claim under the all-risk commercial property insurance policy at issue (the "**Policy**"). (*Id.* ¶¶ 1–6, 165–72).

As is relevant, the Policy generally insures "against direct physical loss of or damage caused by a Covered Cause of Loss[2] to Covered Property, at an Insured Location." (Doc. 82-1, p. 14) (emphasis in original). The Policy also specifically insures against a variety of events, all of which require a "direct physical loss." (*Id.* at pp. 27, 34, 36, 38).[3] Notable here is the "Civil or Military Authority" provision, which insures against losses in gross earnings and extra expenses incurred "from the necessary Suspension of the Insured's business activities at an Insured Location if the Suspension is caused by order of civil or military authority that prohibits access to the Location" and if the order "result[s] from a civil authority's response to direct physical loss of or damage caused by a Covered Cause of Loss to property not owned, occupied, leased or rented by the Insured or insured under this Policy." (*Id.* at pp. 33–34) (emphasis in original). Consequently, the existence

---

[1]   Tavistock originally filed its counterclaim on March 31, 2021. (Doc. 55). Tavistock amended its counterclaim with the Court's leave on July 2, 2021. (Docs. 79, 80, 82).

[2]   "Covered Cause of Loss" means "All risks of direct physical loss of or damage from any cause unless excluded." (Doc. 82-1, p. 61). Because this term requires a "direct physical loss," it is not necessary for the Court to describe the Policy's exclusions and endorsements.

[3]   The Counterclaim mentions the "Time Element," "Contingent Time Element," "Decontamination Costs," and "Ingress/Egress" provisions. (Doc. 82-1, ¶¶ 155–57, 160, 169). Because all of these coverages require "direct physical loss," it is not necessary for the Court to describe them in more detail.

of a "direct physical loss" is a requirement for coverage, but the Policy does not define this term.

The Counterclaim alleges that Tavistock suffered two types of "direct physical loss." First, the Counterclaim asserts that the COVID-19 pandemic forced Tavistock to temporarily close all its restaurants' dining rooms and, upon reopening, to increase sanitation measures, disburse personal protection equipment to employees, install barriers, and redesignate interior spaces for the promotion of social distancing. (Doc. 82, ¶¶ 19–70). Second, the Counterclaim states that government mandates issued by the governors of Texas, California, Tennessee, Oklahoma, Florida, Massachusetts, Illinois, Nevada, and Georgia in response to this deadly airborne virus required Tavistock to shut down dine-in facilities during the height of the pandemic. (*Id.* ¶¶ 71–84). In support of these allegations, the Counterclaim details how COVID-19 spreads through the respiration of infected individuals, making the air itself "unsafe for breathing," and how it adheres to physical objects, which "become vectors of disease" or "fomites," particularly as routine cleaning of these surfaces does not eliminate the risk of transmission. (*Id.* ¶¶ 19–70).

Zurich now moves to dismiss Tavistock's Counterclaim, and the matter is ripe for review.

## II.    STANDARD OF REVIEW[4]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(1). Thus, to survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Moreover, the court is "not bound to accept as true a legal conclusion couched as a factual allegation," and the court must view the complaint in the light most favorable to the plaintiff and resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam). Notably, "[a] motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case." *Gay-Straight All. of Okeechobee High Sch. v. Sch. Bd. of Okeechobee Cnty.*, 477 F. Supp. 2d 1246, 1249 (S.D. Fla. 2007) (citing *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984)).

In sum, courts must (1) ignore conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; (2) accept well-pled factual

---

[4]    "A motion to dismiss a counterclaim under [FED. R. CIV. P.] 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1210 (M.D. Fla. 2005).

allegations as true; and (3) view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 679.

In the context of a claim under the Declaratory Judgment Act, which allows a district court to "declare the rights and other legal relations of any interested party seeking such declaration" "[i]n a case of actual controversy within its jurisdiction," the complaint must allege the existence of an "actual controversy" between the parties. 28 U.S.C. § 2201(a); *see Mt. Hawley Ins. Co. v. Tactic Sec. Enf't, Inc.*, 252 F. Supp. 3d 1307, 1309 (M.D. Fla. 2017) (citing *Aetna Life Ins. Co. of Harford, Conn. v. Haworth*, 300 U.S. 227, 239–40 (1937)). An "actual controversy" exists if, under the facts alleged, there is "a substantial continuing controversy between parties having adverse legal interests." *Emory v. Peeler*, 756 F.2d 1547, 1551–52 (11th Cir. 1985) (collecting cases).

## III.   DISCUSSION

Zurich contends that the Counterclaim fails to allege the existence of a "direct physical loss" under Georgia law.[5] (Doc. 85, pp. 16–22). The Court concurs in accordance with the Eleventh Circuit's recent opinion in *Gilreath Fam. & Cosm. Dentistry, Inc. v. Cincinnati Ins. Co.*, No. 21-11046, 2021 WL 3870697 (11th Cir. Aug. 31, 2021).

---

[5]   As a preliminary matter, federal courts construe insurance contracts according to substantive state law. *See Sphinx Int'l, Inc. v. Nat'l Union Fire Ins. of Pittsburgh, Pa.*, 412 F.3d 1224, 1227 (11th Cir. 2005) (citation omitted). In Florida, "the law of the jurisdiction where the contract was executed governs the rights and liabilities of the parties in determining an issue of insurance coverage." *State Farm Mut. Ins. Co. v. Roach*, 945 So. 2d 1160, 1163 (Fla. 2006) (citation omitted); *see LaTorre v. Conn. Mut. Life. Ins. Co.*, 38 F.3d 538, 540 (11th Cir. 1984). This Court previously determined that the parties executed the Policy in Georgia, and neither party contests this finding. (Doc. 54, pp. 11–12; Doc. 85, pp. 7–8; Doc. 88, pp. 11–12).

In *Gilreath*, the insured postponed routine and elective dentistry procedures due to the COVID-19 pandemic and the executive shelter-in-place mandates issued by the governor of Georgia. *Id.* at *1. The insured filed a claim under its insurance policy's "Business Income" and "Extra Expense" provisions, which insured against the necessary suspension of business activities and the extra expenses sustained during such suspension caused by a "Covered Cause of Loss," defined as a "direct physical loss." *Id.* The insured also filed under the policy's "Civil Authority" provision, which insured against a civil authority's prohibition of access to the covered premises and the immediately surrounding area in response to damage caused by a "Covered Cause of Loss" to third-party property. *Id.* The insurer denied the insured's claim, finding that the insured failed to assert any "direct physical loss" to the covered premises or to third-party property, and the district court agreed. *Id.* at *2.

On appeal, the Eleventh Circuit first noted that "Georgia courts interpret an insurance policy like any other contract: they begin with its text." *Id.* It emphasized that Georgia courts read the text of an insurance policy "'as a layman would'" and, "if that text 'unambiguously governs the factual scenario before the court,' the policy applies 'as written, regardless of whether doing so benefits the carrier or the insured.'" *Id.* (quoting *Nat'l Cas. Co. v. Ga. Sch. Bds. Ass'n—Risk Mgmt. Fund*, 818 S.E.2d 250, 253 (Ga. 2018); *Reed v. Auto-Owners Ins. Co.*, 667 S.E.2d 90, 92 (Ga. 2008)). It then stated that "the Georgia Court of Appeals has already explained the 'common meaning' of 'direct physical loss or damage,' holding that

there must be 'an actual change in insured property' that either makes the property 'unsatisfactory for future use' or requires 'that repairs be made.'" *Id.* (quoting *AFLAC Inc. v. Chubb & Sons, Inc.*, 581 S.E.2d 317, 319 (Ga. Ct. App. 2003)).

Applying this jurisprudence, the *Gilreath* court affirmed the district court's decision, stating:

> Gilreath has alleged nothing that could qualify, to a layman or anyone else, as physical loss or damage. Here, the shelter-in-place order that Gilreath cites did not damage or change the property in a way that required its repair or precluded its future use for dental procedures. In fact, though the practice postponed routine and elective procedures, Gilreath still used the office to perform emergency procedures. Gilreath finds it problematic that its office is an enclosed space where viral particles tend to linger, and where patients and staff must interact with each other in close quarters. Even so, we do not see how the presence of those particles would cause physical damage or loss to the property. Gilreath thus has failed to state a claim that Cincinnati Insurance breached the policy's "Business Income" or "Extra Expense" provisions.

*Id.* It also rejected the insured's claim under the policy's "Civil Authority" provision: "But that provision too is contingent on a 'Covered Cause of Loss' damaging property—albeit, as relevant here, property off the business premises. The allegations about off-premises property are no different than those about the property at the dental practice—Gilreath offers no allegation of physical loss or damage." *Id.*

Thus, the Eleventh Circuit held that the COVID-19 pandemic and the government mandates do not constitute a "direct physical loss" to insured or third-

party property under Georgia law, validating the majority of district court opinions on this issue.[6] And because *Gilreath* resolved the same question presented here, this Court holds the same.

Tavistock insists that the presence of COVID-19 on property causes that object to become a "fomite" and that the term "direct physical loss" does not require a structural change to property, ignoring *Gilreath* and citing to non-binding authorities that do not apply Georgia law.[7] (Doc. 88, pp. 20–27). Tavistock

---

[6] *See, e.g.*, *Karmel Davis and Assocs., Attorneys-at-Law, LLC v. Hartford Fin. Servs. Grp., Inc.*, 515 F. Supp. 3d 1351, 1357 (N.D. Ga. 2021) ("[T]he 'likely' presence of COVID-19 cannot be regarded as a physical change, as it does not and has not physically altered the insured property. Although the virus is transmitted through the air and may adhere to surfaces briefly, there is no indication that it causes any sort of physical change to the property it touches."); *Johnson v. Hartford Fin. Servs. Grp., Inc.*, 510 F. Supp. 3d 1326, 1334 (N.D. Ga. 2021) ("Any 'actual change' is instead premised on the omnipresent specter of COVID-19, a generalized 'alteration' experienced by every home, office, or business that welcomes individuals into an indoor setting across the globe. But absent from the Amended Complaint are any allegations that Plaintiffs' offices have sustained any modicum of physical damage that renders them unsatisfactory in any way. To accept Plaintiffs' broad interpretation of the Policies' language at face value would be to render the term 'physical' a nullity, a result directly counter to Georgia law."); *AIKG, LLC v. Cincinnati Ins. Co.*, NO. 1:20-CV-4051, 2021 WL 4061542, at *4 (N.D. Ga. Sept. 7, 2021) (noting that COVID-19 "does not physically alter the appearance, shape, color, structure, or other material dimension of the property" and that "[i]t can be eliminated by disinfecting surfaces or dies naturally within hours to days depending on temperature and sunlight exposure"); *Rest. Grp. Mgmt., LLC v. Zurich Am. Ins. Co.*, NO. 1:21-CV-4782, 2021 WL 1937314, at *6 (N.D. Ga. Mar. 16, 2021) (finding that property contamination due to COVID-19 does not constitute "an actual physical change" under Georgia law); *Lemontree Academy, LLC v. Utica Mut. Ins. Co.*, NO. 3:20-CV-126, 2021 WL 1940627, at *2 (M.D. Ga. Mar. 11, 2021) (applying Georgia law and stating that "the mere presence of the COVID-19 virus would not constitute direct physical damage necessary to trigger coverage").

[7] *See, e.g.*, *Henderson Rd. Rest. Sys., Inc. v. Zurich Am. Ins. Co.*, 513 F. Supp. 3d 808 (N.D. Ohio 2021), *vacated and remanded by In re Zurich Am. Ins. Co.*, No. 21-0302, 2021 WL 4473398 (6th Cir. Sept. 29, 2021) ("In granting summary judgment to Plaintiffs on Counts I and III, the district court reasoned that the COVID-19-related interruption of Plaintiffs' dine-in operations amounted to direct physical loss of or damage to [Plaintiffs'] property under Ohio law. We have since held, however, that a pandemic-triggered government order, barring in-person dining at a restaurant does not qualify as 'direct physical loss of or damage to the property' under Ohio law." (internal quotations omitted)).

also argues the Counterclaim adequately alleges that COVID-19 and the government mandates rendered its restaurants unsatisfactory for future use and necessitated repairs, such as the "installation of partitions." (*Id.*).[8]

However, Tavistock's restaurants are satisfactory for future use, as evidenced by the alleged resumption of operations and the increased sanitation measures, disbursement of personal protection equipment, redesignation of interior spaces, and placement of barriers to account for patrons' and employees' health and safety. As stated above, neither COVID-19 nor the government mandates cause a physical change to Tavistock's restaurants that prevents Tavistock from using them now or in the future.[9] Moreover, social distancing measures do not constitute "repairs." The word "repair" contemplates the restoration of a damaged item to its prior condition. But, as previously explained,

---

[8] Notably, Tavistock defines "direct physical loss" as a "material loss of use, or diminution of use, of its property" or "a material harm to its property" and argues that its Counterclaim alleges (1) the government mandates caused a "material loss of use, or diminution of use, of its property" and (2) the presence of COVID-19 materially harmed its property and made it uninhabitable. (Doc. 88, pp. 20–23). However, Tavistock also recognizes that the Georgia Court of Appeals already defined this term in *AFLAC*, rendering its arguments obsolete. (*Id.* at pp. 23–24). Furthermore, Tavistock distorts *AFLAC* to imply a "dearth of case law in Georgia" construing the "direct physical loss" phrase. (*Id.* at p. 23). As Zurich correctly notes, "*AFLAC* is the seminal case defining [this] term," and the Eleventh Circuit explicitly quotes this case in *Gilreath*. (Doc. 96, p. 7).

[9] Tavistock factually distinguishes its case from *Mama Jo's Inc. v. Sparta Ins. Co.*, which held that "an item or structure that merely needs to be cleaned has not suffered a 'loss' which is both 'direct' and 'physical.'" 823 F. App'x 868, 879 (11th Cir. 2020), *cert. denied* 141 S. Ct. 1737 (2021). Regardless of these differences, the Eleventh Circuit's distinction between property that needs *repair* and property that needs *sanitization* still applies here and comports with *Gilreath*. *See G&A Family Enterprises, LLC v. Am. Family Ins. Co.*, NO. 1:20-CV-03192, 2021 WL 1947180, at *4 (N.D. Ga. May 13, 2021) (stating, in a COVID-19-related insurance dispute applying Georgia law, that "[a]lthough [*Mama Jo's*] involved Florida law, the Eleventh Circuit Court of Appeal's definition of 'direct physical loss' in that case did not turn on the interpretation of Florida law, so it is helpful here"). Furthermore, the Court does not need to rely on *Mama Jo's* given the Eleventh Circuit's decision in *Gilreath*.

there is no "direct physical loss" here and, therefore, Tavistock's restaurants do not require any degree of restoration. As Zurich correctly states, Tavistock's social distancing measures are "changes or improvements to meet new regulatory standards imposed by State orders to protect *people*, not to repair *property*." (Doc. 85, p. 22).

Thus, even reading the Counterclaim in the light most favorable to Tavistock, it fails to state a claim for declaratory relief because there is no "actual controversy" regarding the interpretation of "direct physical loss" under Georgia law.[10]

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   Plaintiff/Counter-Defendant Zurich American Insurance Company's Motion to Dismiss the Counterclaim (Doc. 85) is **GRANTED**;

2.   The Counterclaim (Doc. 82) is **DISMISSED WITHOUT PREJUDICE**; and

3.   On or before Monday, November 15, 2021, Defendant/Counter-Plaintiff Tavistock Restaurants Group, LLC may file an Amended Counterclaim consistent with the directives of this Order, if it believes it can do so in accordance with Rule 11. Failure to timely file an

---

[10]   Because the existence of a "direct physical loss" is a requirement for coverage, the Court does not need to analyze the Policy's various exclusions and endorsements.

Amended Counterclaim in accordance with the requirements of this Order will result in closure of this action without further notice.[11]

**DONE AND ORDERED** in Orlando, Florida on November 1, 2021.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[11] In the alternative, on or before Monday, November 15, 2021, Defendant/Counter-Plaintiff Tavistock Restaurants Group, LLC may request the Court to enter judgment dismissing the Counterclaim with prejudice based on the rulings in this Order to perfect the issue for appeal. Failure to timely file a request to enter judgment dismissing the Counterclaim with prejudice in accordance with the requirements of this Order will result in closure of this action without further notice.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ZURICH AMERICAN
INSURANCE COMPANY,**

      **Plaintiff,**

**v.**                              **Case No: 6:20-cv-1295-PGB-EJK**

**TAVISTOCK RESTAURANTS
GROUP, LLC,**

      **Defendant.**

_____/

## ORDER

This cause comes before the Court on Defendant Tavistock Restaurants Group, LLC's ("**Tavistock**") Request for Relief in Accordance with the Court's November 1, 2021 Ruling (the "**Order**"). (Doc. 119 (the "**Request**")). The Request is due to be granted pursuant to that Order.

Plaintiff Zurich American Insurance Company ("**Zurich**") initiated this action on July 21, 2020, seeking declaratory judgment that it properly denied Tavistock's insurance claim. (Doc. 1). Thereafter, Tavistock filed a Counterclaim, seeking declaratory judgment that Zurich improperly denied Tavistock's insurance claim. (Doc. 82).[1] On July 16, 2021, Zurich filed a Motion to Dismiss the Counterclaim (Doc. 85), which the Court's Order granted on November 1, 2021

---

[1] Tavistock originally filed its counterclaim on March 31, 2021. (Doc. 55). Tavistock amended its counterclaim with the Court's leave on July 2, 2021. (Docs. 79, 80, 82).

(Doc. 112). The Court determined that the Counterclaim failed to allege the existence of a "direct physical loss" under Georgia law, relying on the Eleventh Circuit's recent opinion in *Gilreath Fam. & Cosm. Dentistry, Inc. v. Cincinnati Ins. Co.*, No. 21-11046, 2021 WL 3870697 (11th Cir. Aug. 31, 2021). (*Id.*). Although the Court dismissed the Counterclaim without prejudice, the Court allowed Tavistock to request dismissal of the Counterclaim with prejudice on or before November 15, 2021 to perfect the issue for appeal. (*Id.* at p. 11 n.11). Accordingly, on November 12, 2021, Tavistock filed the instant Request. (Doc. 119). Thus, it is **ORDERED AND ADJUDGED** that Tavistock's Counterclaim (Doc. 82) is **DISMISSED WITH PREJUDICE**.

Notably, Zurich filed a Motion for Judgment on the Pleadings on November 3, 2021, requesting judgment in its favor for the reasons stated in the Court's Order. (Doc. 113). Tavistock is **DIRECTED** to advise the Court whether it intends to oppose to Zurich's Motion for Judgment on the Pleadings on or before Friday, November 19, 2021. If Tavistock has no objection, then the Court will grant Zurich's Motion for Judgment on the Pleadings for the reasons stated in the Court's Order and close the file to facilitate appeal.

**DONE AND ORDERED** in Orlando, Florida on November 17, 2021.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ZURICH AMERICAN**
**INSURANCE COMPANY,**

        **Plaintiff,**

**v.**                               **Case No: 6:20-cv-1295-PGB-EJK**

**TAVISTOCK RESTAURANTS**
**GROUP, LLC,**

        **Defendant.**

                            /

## <u>ORDER</u>

This cause comes before the Court on Plaintiff Zurich American Insurance Company's ("**Zurich**") Motion for Judgment on the Pleadings. (Doc. 113). The Motion for Judgment on the Pleadings is due to be granted.

Zurich initiated this action on July 21, 2020, seeking declaratory judgment that it properly denied Defendant Tavistock Restaurants Group, LLC's ("**Tavistock**") insurance claim. (Doc. 1). Thereafter, Tavistock filed a Counterclaim, seeking declaratory judgment that Zurich improperly denied its insurance claim. (Doc. 82).[1] On July 16, 2021, Zurich filed a Motion to Dismiss the Counterclaim (Doc. 85), which the Court granted on November 1, 2021 (Doc. 112 (the "**Order**")). The Court dismissed the Counterclaim without prejudice for

---

[1] Tavistock originally filed its Counterclaim on March 31, 2021. (Doc. 55). Tavistock amended its Counterclaim with the Court's leave on July 2, 2021. (Docs. 79, 80, 82).

failure to allege the existence of a "direct physical loss" under Georgia law, relying on the Eleventh Circuit's recent opinion in *Gilreath Fam. & Cosm. Dentistry, Inc. v. Cincinnati Ins. Co.*, No. 21-11046, 2021 WL 3870697 (11th Cir. Aug. 31, 2021). (*Id.*). The Court allowed Tavistock to file an Amended Complaint or, alternatively, to request dismissal with prejudice on or before November 15, 2021. (*Id.* at p. 11 n.11).

On November 3, 2021, Zurich filed the instant Motion for Judgment on the Pleadings, stating that the "dueling pleadings . . . ask for a determination of the same question: whether the [insurance policy at issue] provides coverage for Tavistock's purported business income losses allegedly caused by the COVID-19 virus, the COVID-19 pandemic, and government orders shutting down dining," which the Court "answered" on November 1, 2021. (Doc. 113, p. 7). Tavistock summarily responded in opposition on November 8, 2021, incorporating the arguments it made in opposition to Zurich's Motion to Dismiss. (Doc. 117).

However, on November 12, 2021, Tavistock requested the Court to dismiss the Counterclaim with prejudice to perfect the issue for appeal. (Doc. 119). The Court did so on November 17, 2021, and it directed Tavistock to advise whether it still opposed Zurich's Motion for Judgment on the Pleadings on or before November 19, 2021. (Doc. 120). On November 18, 2021, the parties jointly responded to the Court's directive, stating:

> While Tavistock opposes Zurich's Motion for Judgment on the Pleadings, Tavistock recognizes the Motion [for Judgment on the Pleadings] involves identical arguments evaluating the same coverage issues implicated in the Court's ruling on

> Zurich's Motion to Dismiss. The Parties, therefore, agree that Zurich's Motion for Judgment on the Pleadings is ripe for resolution and appeal to the [United States] Court of Appeals for the [Eleventh] Circuit. For the foregoing reasons, the Parties respectfully request that the Court enter the Order on Zurich's Motion for Judgment on the Pleadings in order to facilitate appeal of this matter.

(Doc. 121, p. 2) (internal quotations and citations omitted).

Given that the pleadings are closed, the pleadings do not raise any issues of material fact, the Court has already resolved the legal question presented, and the parties have agreed to the entry of judgment in Zurich's favor for purposes of appeal, the Court finds that judgment on the pleadings is appropriate. *See* FED. R. CIV. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial— a party may move for judgment on the pleadings."); *Jones v. NordicTrack, Inc.*, 236 F.3d 658, 660 (11th Cir. 2000) ("Judgment on the pleadings is appropriate when no issues of material fact are raised in the pleadings and the movant is entitled to judgment as a matter of law."). Thus, it is **ORDERED AND ADJUDGED** that Zurich's Motion for Judgment on the Pleadings (Doc. 113) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Zurich and against Tavistock and to thereafter close the file.

**DONE AND ORDERED** in Orlando, Florida on November 19, 2021.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ZURICH AMERICAN INSURANCE COMPANY,**

        **Plaintiff,**

v.                                   **Case No: 6:20-cv-1295-PGB-EJK**

**TAVISTOCK RESTAURANTS GROUP, LLC,**

        **Defendant.**

_____

# JUDGMENT IN A CIVIL CASE

**Decision by Court.**    This action came before the Court and a decision has been rendered.

        **IT IS ORDERED AND ADJUDGED**

        that judgment is entered in favor of Plaintiff, Zurich American Insurance Company, and

against the Defendant, Tavistock Restaurants Group, LLC.

Date: November 22, 2021

                                ELIZABETH M. WARREN,
                                CLERK

                                s/LJ, Deputy Clerk

# CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

   (b) **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5**: The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule**: Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

# U.S. District Court
## Middle District of Florida (Orlando)
## CIVIL DOCKET FOR CASE #: 6:20-cv-01295-PGB-EJK

Zurich American Insurance Company v. Tavistock Restaurants Group, LLC

Assigned to: Judge Paul G. Byron

Referred to: Magistrate Judge Embry J. Kidd

Demand: $75,000

Cause: 28:1332 Diversity-Insurance Contract

Date Filed: 07/21/2020

Date Terminated: 11/22/2021

Jury Demand: Both

Nature of Suit: 110 Insurance

Jurisdiction: Diversity

**Plaintiff**

**Zurich American Insurance Company**                  represented by  **Alanna Clair**
Dentons US LLP
1900 K Street NW
Washington, DC 20006
202-496-7668
Email: alanna.clair@dentons.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura E. Besvinick**
Stroock & Stroock & Lavan, LLP
200 S Biscayne Blvd Ste 3100
Miami, FL 33131-5323
305-789-9395
Fax: 305-789-9302
Email: lbesvinick@stroock.com
*TERMINATED: 12/07/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shari Lynn Klevens**
DENTONS US LLP
1900 K Street NW
Washington, DC 20006
202-496-7612
Fax: 202-496-7756
Email: shari.klevens@dentons.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christina M. Carroll**
Dentons US LLP
1900 K Street NW
Washington, DC 20006
202-496-7212
Fax: 202-496-7756
Email: christina.carroll@dentons.com

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lisa A. Pach**
Stroock & Stroock & Lavan LLP
200 South Biscayne Blvd.
Suite 3100
Miami, FL 33131
305-789-9331
Email: lpach@stroock.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Tavistock Restaurants Group, LLC**        represented by   **Antonio M. Romanucci**
Romanucci & Blandin, LLC
321 North Clark Street., Suite 900
Chicago, IL 60654-4744
312/458-1000
Fax: 312/458-1004
Email: aromanucci@rblaw.net
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David A. Neiman**
Romanucci and Blandin, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
312-458-1000
Fax: 312-458-1004
Email: dneiman@rblaw.net
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gina A. DeBoni**
Romanucci and Blandin, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
312-458-1000
Fax: 312-458-1004
Email: gad@rblaw.net
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Fletcher Romano**
Romano Law Group
801 Spencer Dr
West Palm Beach, FL 33409-4027
561/533-6700

Fax: 561/533-1285
Email: john@romanolawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas A. DiCello**
Spangenberg, Shibley & Liber, LLP
Suite 1700
1001 Lakeside Ave E
Cleveland, OH 44114
216/696-3232
Fax: 216/696-3924
Email: ndicello@spanglaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert A. Rutter**
Rutter & Russin, LLC
4700 Rockside Road
Suite 650
Cleveland, OH 44131
216-642-1425
Fax: 216-642-0613
Email:
bobbyrutter@ohioinsurancelawyer.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert P. Rutter**
Robert P. Rutter /Rutter & Russin, LLC
One Summit Office Park
4700 Rockside Road
Ste 650
Independence, OH 44131
216-642-1425
Email: brutter@ohioinsurancelawyer.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Tavistock Restaurants Group, LLC**          represented by   **Antonio M. Romanucci**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David A. Neiman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gina A. DeBoni**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Fletcher Romano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas A. DiCello**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert A. Rutter**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert P. Rutter**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Zurich American Insurance Company**     represented by    **Alanna Clair**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura E. Besvinick**
(See above for address)
*TERMINATED: 12/07/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shari Lynn Klevens**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christina M. Carroll**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lisa A. Pach**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Tavistock Restaurants Group, LLC**          represented by   **Antonio M. Romanucci**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David A. Neiman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gina A. DeBoni**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Fletcher Romano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas A. DiCello**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert A. Rutter**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert P. Rutter**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Zurich American Insurance Company**          represented by   **Alanna Clair**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura E. Besvinick**
(See above for address)
*TERMINATED: 12/07/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shari Lynn Klevens**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christina M. Carroll**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lisa A. Pach**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/21/2020 | 1 | COMPLAINT *For Declaratory Judgment* against Tavistock Restaurants Group, LLC with Jury Demand (Filing Fee $400, Receipt # 113A-17083701) filed by Zurich American Insurance Company. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit 1)(Pach, Lisa) Modified on 7/22/2020 to correct docket text (SJB). (Entered: 07/21/2020) |
| 07/22/2020 | 2 | NEW CASE ASSIGNED to Judge Paul G. Byron and Magistrate Judge Embry J. Kidd. New case number: 6:20-cv-1295-Orl-40EJK. (SJB) (Entered: 07/22/2020) |
| 07/23/2020 | 3 | **RELATED CASE ORDER AND NOTICE of designation under Local Rule 3.05 - track 2. The Notice of Pendency of Other Actions shall be filed within fourteen (14) days from the date of this Order. Signed by Judge Paul G. Byron on 7/23/2020. (GNB) copies e-mailed** (Entered: 07/23/2020) |
| 07/23/2020 | 4 | **INTERESTED PERSONS ORDER. The Certificate of Interested Persons shall be filed within fourteen (14) days from the date of this Order. Signed by Judge Paul G. Byron on 7/23/2020. (GNB) copies e-mailed** (Entered: 07/23/2020) |
| 07/24/2020 | 5 | **STANDING ORDER ON DISCOVERY MOTIONS. Signed by Magistrate Judge Embry J. Kidd on 1/3/2020. (PML) ctp** (Entered: 07/24/2020) |
| 07/24/2020 | 6 | NOTICE of pendency of related cases re 3 Related case order and track 2 notice per Local Rule 1.04(d) by Zurich American Insurance Company. Related case(s): NO (Pach, Lisa) Modified on 7/27/2020 (MEJ). (Entered: 07/24/2020) |
| 07/24/2020 | 7 | CERTIFICATE of interested persons and corporate disclosure statement re 4 Interested persons order by Zurich American Insurance Company identifying Corporate Parent Zurich Holding Company of America, Inc., Corporate Parent Zurich Insurance Group, Ltd., Corporate Parent Zurich Insurance Company Ltd. for Zurich American Insurance Company.. (Pach, Lisa) (Entered: 07/24/2020) |
| 07/27/2020 | 8 | PROPOSED summons to be issued by Zurich American Insurance Company. (Pach, Lisa) (Entered: 07/27/2020) |
| 07/28/2020 | 9 | SUMMONS issued as to Tavistock Restaurants Group, LLC. (MEJ) (Entered: 07/28/2020) |
| 08/04/2020 | 10 | Amended NOTICE of pendency of related cases re 3 Related case order and track 2 notice, 6 Notice of pendency of related cases *Zurich American Insurance Company's Amended Notice of Pendency of Other Actions* per Local Rule 1.04(d) by Zurich |

| | | American Insurance Company. Related case(s): yes (Besvinick, Laura) Modified on 8/5/2020 (MEJ). (Entered: 08/04/2020) |
|---|---|---|
| 08/06/2020 | 11 | RETURN of service executed on 07/30/2020 by Zurich American Insurance Company as to Tavistock Restaurants Group, LLC. (Pach, Lisa) (Entered: 08/06/2020) |
| 08/06/2020 | 12 | APPEARANCE of non-resident counsel and designation of local counsel by Lisa A. Pach on behalf of Zurich American Insurance Company. Local Counsel: Lisa Anne Pach. Non-Resident Counsel: Shari L. Klevens. (Pach, Lisa) (Entered: 08/06/2020) |
| 08/06/2020 | 13 | MOTION for Shari L. Klevens to appear pro hac vice, Special Admission fee paid, Receipt No. 113A-17151802 for $150 by Zurich American Insurance Company. (Pach, Lisa) Motions referred to Magistrate Judge Embry J. Kidd. (Entered: 08/06/2020) |
| 08/07/2020 | 14 | **ORDER granting 13 Plaintiff's Motion for Shari L. Klevens to Appear Pro Hac Vice. Signed by Magistrate Judge Embry J. Kidd on 8/7/2020. (RMN)** (Entered: 08/07/2020) |
| 08/21/2020 | 15 | NOTICE of compliance *with CM/ECF Registration* by Zurich American Insurance Company (Klevens, Shari) (Entered: 08/21/2020) |
| 08/26/2020 | 16 | MOTION for Clerk's Default against Tavistock Restaurants Group, LLC by Zurich American Insurance Company. (Klevens, Shari) Motions referred to Magistrate Judge Embry J. Kidd. (Entered: 08/26/2020) |
| 09/01/2020 | 17 | Clerk's ENTRY OF DEFAULT as to Tavistock Restaurants Group, LLC (MEJ) (Entered: 09/01/2020) |
| 09/01/2020 | 18 | NOTICE of Appearance by John Fletcher Romano on behalf of Tavistock Restaurants Group, LLC (Romano, John) (Entered: 09/01/2020) |
| 09/18/2020 | 19 | MOTION for Default Judgment against Tavistock Restaurants Group, LLC by Zurich American Insurance Company. (Klevens, Shari) Motions referred to Magistrate Judge Embry J. Kidd. (Entered: 09/18/2020) |
| 09/21/2020 | 20 | MOTION for Antonio M. Romanucci to appear pro hac vice by Tavistock Restaurants Group, LLC. (Attachments: # 1 Exhibit Special Admission Certification)(Romano, John) Motions referred to Magistrate Judge Embry J. Kidd. (Entered: 09/21/2020) |
| 09/21/2020 | 21 | First MOTION for David A. Neiman to appear pro hac vice by Tavistock Restaurants Group, LLC. (Attachments: # 1 Exhibit Special Admission Certification)(Romano, John) Motions referred to Magistrate Judge Embry J. Kidd. (Entered: 09/21/2020) |
| 09/21/2020 | 22 | First MOTION for Gina A. DeBoni to appear pro hac vice by Tavistock Restaurants Group, LLC. (Attachments: # 1 Exhibit Special Admission Certification)(Romano, John) Motions referred to Magistrate Judge Embry J. Kidd. (Entered: 09/21/2020) |
| 09/21/2020 | 23 | MOTION to Set Aside Clerk Default and Extension of Time to Answer or Otherwise Plead by Tavistock Restaurants Group, LLC. (Romano, John) Motions referred to Magistrate Judge Embry J. Kidd. Modified docket text on 9/22/2020 (MEJ). (Entered: 09/21/2020) |
| 09/22/2020 | 24 | **ORDER granting 20, 21 and 22 Defendant's Unopposed Motions to Appear Pro Hac Vice of Antonio M. Romanucci, David A. Neiman, and Gina A. DeBoni. Signed by Magistrate Judge Embry J. Kidd on 9/22/2020. (RMN)** (Entered: 09/22/2020) |
| 09/22/2020 | 25 | **ENDORSED ORDER denying without prejudice for failure to comply with Local Rule 3.01(g) 19 Plaintiff's Motion for Final Default Judgment against Defendant Tavistock Restaurants Group, LLC. Signed by Magistrate Judge Embry J. Kidd on 9/22/2020. (RMN)** (Entered: 09/22/2020) |

| | | |
|---|---|---|
| 09/22/2020 | 26 | Second MOTION for Default Judgment against Tavistock Restaurants Group, LLC by Zurich American Insurance Company. (Klevens, Shari) Motions referred to Magistrate Judge Embry J. Kidd. (Entered: 09/22/2020) |
| 09/22/2020 | | ***PRO HAC VICE FEES paid by attorney Gina A. DeBoni, Antonio M. Romanucci, and David A. Neiman, appearing on behalf of Tavistock Restaurants Group, LLC (Filing fee $450 receipt number ORL093424). (TNP) (Entered: 11/19/2020) |
| 10/02/2020 | 27 | NOTICE to counsel Gina A. DeBoni, Antonio M. Romanucci, and David A. Neiman of Local Rule 2.02, Special Admission to Practice - Pay the $150.00 Special Admission Fee; (Signed by Deputy Clerk). (MLJ) (Entered: 10/02/2020) |
| 10/05/2020 | 28 | RESPONSE in Opposition re 23 MOTION to Set Aside Clerk Default and Extension of Time to Answer or Otherwise Plead filed by Zurich American Insurance Company. (Attachments: # 1 Exhibit Index, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Klevens, Shari) (Entered: 10/05/2020) |
| 10/06/2020 | 29 | (Per Attorney to be refiled) RESPONSE to Motion re 26 Second MOTION for Default Judgment against Tavistock Restaurants Group, LLC filed by Tavistock Restaurants Group, LLC. (Attachments: # 1 Exhibit Affidavit of David A. Neiman)(Romano, John) Modified on 10/7/2020 (MEJ). (Entered: 10/06/2020) |
| 10/06/2020 | 30 | (Per Attorney to be refiled) MOTION to Alter Judgment , First MOTION to Supplement *Motion to Set Aside Default and Motion for Extension of Time* by Tavistock Restaurants Group, LLC. (Attachments: # 1 Exhibit Email)(Romano, John) Modified on 10/7/2020 (MEJ). Modified on 10/8/2020 (MEJ). (Entered: 10/06/2020) |
| 10/07/2020 | 31 | Amended MOTION to Set Aside Clerk Default by Tavistock Restaurants Group, LLC. (Attachments: # 1 Exhibit Affidavit of David A. Neiman)(Romano, John) Motions referred to Magistrate Judge Embry J. Kidd. (Entered: 10/07/2020) |
| 10/08/2020 | 32 | Second Amended MOTION to Supplement Motion to Set Aside Default by Tavistock Restaurants Group, LLC. (Attachments: # 1 Exhibit Affidavit of David Neiman) (Romano, John) Modified docket text on 10/9/2020 (MEJ). (Entered: 10/08/2020) |
| 10/08/2020 | 33 | Amended RESPONSE in Opposition re 19 MOTION for Default Judgment against Tavistock Restaurants Group, LLC filed by Tavistock Restaurants Group, LLC. (Attachments: # 1 Exhibit Affidavit of David Neiman)(Romano, John) Modified docket text on 10/9/2020 (MEJ). (Entered: 10/08/2020) |
| 10/09/2020 | 34 | NOTICE of ZOOM hearing on motion re 32 Second Amended MOTION to Supplement Motion to Set Aside Default, 23 MOTION to Set Aside Clerk Default and Extension of Time to Answer or Otherwise Plead, 26 Second MOTION for Default Judgment against Tavistock Restaurants Group, LLC , 31 Amended MOTION to Set Aside Clerk Default . Motion Hearing set for 10/13/2020 at 3:00 PM before Magistrate Judge Embry J. Kidd; Zoom ID and password will be provided by email; Business attire is required for all Zoom hearings. Counsel are required to appear with their cameras on unless the Court has granted in advance leave to appear telephonically. Members of the press and public who wish to attend remote hearings must use the web form on the court's internet site: https:// www.flmd.uscourts.gov/webforms/request-remote-access-courtroom-proceedings-press-and-public.(PML) ctp (Entered: 10/09/2020) |
| 10/12/2020 | 35 | RESPONSE in Opposition re 32 Second Amended MOTION to Supplement Motion to Set Aside Default filed by Zurich American Insurance Company. (Klevens, Shari) (Entered: 10/12/2020) |
| 10/13/2020 | 36 | Minute Entry: ZOOM Proceedings held before Magistrate Judge Embry J. Kidd: MOTION HEARING held on 10/13/2020 re 32 Second Amended MOTION to |

| | | |
|---|---|---|
| | | Supplement Motion to Set Aside Default filed by Tavistock Restaurants Group, LLC, [23](#) MOTION to Set Aside Clerk Default and Extension of Time to Answer or Otherwise Plead filed by Tavistock Restaurants Group, LLC, [26](#) Second MOTION for Default Judgment against Tavistock Restaurants Group, LLC filed by Zurich American Insurance Company, [31](#) Amended MOTION to Set Aside Clerk Default filed by Tavistock Restaurants Group, LLC. (Zoom digital) (PML) (Entered: 10/13/2020) |
| 10/13/2020 | [38](#) | **ORDER granting [23](#) Defendant's Motion to Set Aside Default and for Extension of Time to Answer or Otherwise Plead; denying [26](#) Plaintiff's Second Motion for Final Default Judgment Against Defendant; denying as moot [31](#) Defendant's Amended Motion for Leave to Supplement Its Motion to Set Aside Default and for Extension of Time to Answer or Otherwise Plead; denying as moot in part and denying in part [32](#) Defendant's Second Amended Motion for Leave to Supplement Its Motion to Set Aside Default and for Extension of Time to Answer or Otherwise Plead. The Clerk's Entry of Default against Defendant (Doc. [17](#)) is VACATED. On or before October 20, 2020, Defendant shall: (1) answer or otherwise respond to the Complaint; and (2) file its Motion to Transfer Venue, if it so chooses. Signed by Magistrate Judge Embry J. Kidd on 10/13/2020. (RMN)** (Entered: 10/13/2020) |
| 10/14/2020 | | Set/reset deadlines/hearings: for Tavistock Restaurants Group, LLC. Answer due by 10/20/2020. (MEJ) (Entered: 10/14/2020) |
| 10/20/2020 | [39](#) | ANSWER to [1](#) Complaint with Jury Demand by Tavistock Restaurants Group, LLC. (Neiman, David) (Entered: 10/20/2020) |
| 10/20/2020 | [40](#) | MOTION to Dismiss *or Stay, and Transfer* by Tavistock Restaurants Group, LLC. (Attachments: # [1](#) Affidavit in Support of Motion - Richard Nace, # [2](#) Affidavit in Support of Motion - Chynna Goldstein, # [3](#) Exhibit 1 - Affidavit of Chynna Goldstein, # [4](#) Exhibit 2 - Affidavit of Chynna Goldstein)(Neiman, David) (Entered: 10/20/2020) |
| 11/03/2020 | [41](#) | RESPONSE in Opposition re [40](#) MOTION to Dismiss *or Stay, and Transfer* filed by Zurich American Insurance Company. (Attachments: # [1](#) Exhibit Index, # [2](#) Exhibit A, # [3](#) Exhibit B, # [4](#) Exhibit C, # [5](#) Exhibit D, # [6](#) Exhibit E, # [7](#) Exhibit F, # [8](#) Exhibit G, # [9](#) Exhibit H, # [10](#) Exhibit I)(Klevens, Shari) (Entered: 11/03/2020) |
| 11/10/2020 | [42](#) | REPLY in Support re [40](#) MOTION to Dismiss *or Stay, and Transfer* filed by Tavistock Restaurants Group, LLC. (Neiman, David) Modified text on 11/12/2020 (MEJ). (Entered: 11/10/2020) |
| 11/16/2020 | [43](#) | CASE MANAGEMENT REPORT. (Klevens, Shari) (Entered: 11/16/2020) |
| 11/16/2020 | [44](#) | CERTIFICATE of interested persons and corporate disclosure statement re 4 Interested persons order by Tavistock Restaurants Group, LLC identifying Other Affiliate Tavistock Group, Inc. for Tavistock Restaurants Group, LLC. (Neiman, David) Modified text on 11/17/2020 (MEJ). (Entered: 11/16/2020) |
| 11/17/2020 | [45](#) | NOTICE of Intent to Withdraw as Counsel by Zurich American Insurance Company (Pach, Lisa) Modified text on 11/18/2020 (MEJ). (Entered: 11/17/2020) |
| 11/19/2020 | 46 | ENTERED IN ERROR (MAA) Modified on 11/19/2020 (MAA). (Entered: 11/19/2020) |
| 12/02/2020 | [47](#) | **STRICKEN** per Order at 48 NOTICE by Tavistock Restaurants Group, LLC *of Defendant's Rule 26(a)(1)(A) Initial Disclosure* (Attachments: # [1](#) Bates Stamped Production)(Neiman, David) Modified on 12/4/2020 (MEJ). (Entered: 12/02/2020) |
| 12/03/2020 | 48 | **ENDORSED ORDER to strike re: [47](#) NOTICE by Tavistock Restaurants Group, LLC of Defendant's Rule 26(a)(1)(A) Initial Disclosure. This district prohibits litigants from filing discovery material unless "ordered by the Court, if necessary to the presentation or resolution of a motion, or if required by law or rule." Middle** |

| | | District Discovery (2015) at 4; *see also* Fed. R. Civ. P. 5(d)(1); M.D. Fla. R. 3.03. **Signed by Magistrate Judge Embry J. Kidd on 12/3/2020. (Kidd, Embry)** (Entered: 12/03/2020) |
|---|---|---|
| 12/07/2020 | 49 | Unopposed MOTION for Laura Besvinick to Withdraw as Attorney by Zurich American Insurance Company. (Pach, Lisa) Motions referred to Magistrate Judge Embry J. Kidd. (Entered: 12/07/2020) |
| 12/07/2020 | 50 | **ENDORSED ORDER granting 49 Attorney Laura Besvinick's Unopposed Motion to Withdraw as Counsel for Zurich American Insurance Company. Attorney Besvinick is terminated. The Clerk is directed to remove Ms. Besvinick from the CM/ECF service list. Signed by Magistrate Judge Embry J. Kidd on 12/7/2020. (JLE)** (Entered: 12/07/2020) |
| 12/10/2020 | 51 | **CASE MANAGEMENT AND SCHEDULING ORDER. Amended Pleadings due by 12/2/2020, Joinder of Parties due by 12/2/2020, Discovery due by 9/3/2021, Dispositive motions due by 10/1/2021, Pretrial statement due by 1/18/2022, All other motions due by 1/25/2022, Plaintiff disclosure of expert report due by 7/2/2021, Defendant disclosure of expert report due by 8/6/2021, Final Pretrial Conference set for 2/15/2022 at 03:00 PM in Orlando Courtroom 4 B before Judge Paul G. Byron, Jury Trial set for 3/1/2022 at 09:00 AM in Orlando Courtroom 4 B before Judge Paul G. Byron., Conduct mediation hearing by 9/15/2021. Lead counsel to coordinate dates. Signed by Judge Paul G. Byron on 12/10/2020. (GNB) copies e-mailed** (Entered: 12/10/2020) |
| 12/11/2020 | 52 | CASE REFERRED to Mediation (emailed mediator). (MEJ) (Entered: 12/11/2020) |
| 12/23/2020 | 53 | NOTICE of mediation conference/hearing to be held on 9/14/2021 at 9:30 am before Terrence M. White. (Klevens, Shari) (Entered: 12/23/2020) |
| 03/04/2021 | 54 | **ORDER denying 40 Motion to Dismiss or Stay, and Transfer. Signed by Judge Paul G. Byron on 3/4/2021. (CPH)** (Entered: 03/04/2021) |
| 03/31/2021 | 55 | COUNTERCLAIM *and Request for Declaratory Relief* against Zurich American Insurance Company filed by Tavistock Restaurants Group, LLC. (Attachments: # 1 Exhibit A - Zurich Policy, # 2 Exhibit B - Zurich Denial Letter)(Neiman, David) (Entered: 03/31/2021) |
| 04/05/2021 | 56 | Unopposed MOTION for Alanna G. Clair to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC-18090463 for $150 by Zurich American Insurance Company. (Attachments: # 1 Exhibit Special Admission Attorney Certification)(Pach, Lisa) Motions referred to Magistrate Judge Embry J. Kidd. (Entered: 04/05/2021) |
| 04/06/2021 | 57 | **ORDER granting 56 Motion to Appear Pro Hac Vice. Signed by Magistrate Judge Embry J. Kidd on 4/6/2021. (JLS)** (Entered: 04/06/2021) |
| 04/19/2021 | 58 | Unopposed MOTION to Amend 55 Counterclaim, by Tavistock Restaurants Group, LLC. (Neiman, David) (Entered: 04/19/2021) |
| 04/19/2021 | 59 | Unopposed MOTION to Modify 51 Case Management / FLSA / ADA / Social Security / Scheduling Order,,, by Tavistock Restaurants Group, LLC. (Neiman, David) (Entered: 04/19/2021) |
| 04/20/2021 | 60 | **ENDORSED ORDER denying 59 Motion to Modify the Case Management Scheduling Order. The parties were advised that the pendency of a dispositive motion, such as a motion to dismiss or for summary judgment, does not stay the deadline for completion of discovery. Parties who elect to forego discovery on the merits of any claim or defense due to the pendency of a dispositive motion or for any other reason, without leave of Court, will not be entitled to an extension of the** |

| | | deadlines set forth in the Case Management Scheduling Order. See Doc. 51 at page 2. Signed by Judge Paul G. Byron on 4/20/2021. (CPH) (Entered: 04/20/2021) |
|---|---|---|
| 04/20/2021 | 61 | NOTICE of Withdrawal of Document by Tavistock Restaurants Group, LLC re 55 Counterclaim, (Attachments: # 1 Stipulation Regarding Defendant's Counter-Complaint) (Neiman, David) Modified text on 4/21/2021 (MEJ). (Entered: 04/20/2021) |
| 04/20/2021 | 62 | Unopposed MOTION for Robert A. Rutter to appear pro hac vice by Tavistock Restaurants Group, LLC. (Attachments: # 1 Special Admission Attorney Certification) (Neiman, David) Motions referred to Magistrate Judge Embry J. Kidd. (Entered: 04/20/2021) |
| 04/20/2021 | 63 | Unopposed MOTION for Robert P. Rutter to appear pro hac vice by Tavistock Restaurants Group, LLC. (Attachments: # 1 Special Admission Attorney Certification) (Neiman, David) Motions referred to Magistrate Judge Embry J. Kidd. (Entered: 04/20/2021) |
| 04/20/2021 | 64 | Unopposed MOTION for Nicholas A. DiCello to appear pro hac vice by Tavistock Restaurants Group, LLC. (Attachments: # 1 Special Admission Attorney Certification) (Neiman, David) Motions referred to Magistrate Judge Embry J. Kidd. (Entered: 04/20/2021) |
| 04/21/2021 | 65 | **ORDER re 61 Notice of Withdrawal. Defendant's claims against Plaintiff are DISMISSED WITHOUT PREJUDICE. Signed by Judge Paul G. Byron on 4/21/2021. (CPH)** (Entered: 04/21/2021) |
| 04/21/2021 | 66 | **ENDORSED ORDER denying as moot 58 Motion to Amend Counterclaim. See Docs. 61, 65. Signed by Judge Paul G. Byron on 4/21/2021. (CPH)** (Entered: 04/21/2021) |
| 04/22/2021 | 67 | **ENDORSED ORDER denying without prejudice 62 63 and 64 Defendant's Motions for Robert A Rutter, Robert P. Rutter, and Nicholas A. DiCello to Appear *Pro Hac Vice* for failure to comply with Local Rule 2.01. Local Rule 2.01(c)(4) directs movants to "list[] each case in state or federal court in Florida in which the lawyer has initially appeared in the last thirty-six months." The Court strongly advises the parties to review the Local Rules (effective February 2, 2021) prior to filing any future motions. Signed by Magistrate Judge Embry J. Kidd on 4/22/2021. (JLS)** (Entered: 04/22/2021) |
| 04/22/2021 | | PRO HAC VICE FEES paid by attorney Robert P. Rutter, appearing on behalf of Tavistock Restaurants Group, LLC (Filing fee $150 receipt number ORL097822.) Related document: 63 Unopposed MOTION for Robert P. Rutter to appear pro hac vice . (TNP) (Entered: 04/22/2021) |
| 04/22/2021 | | PRO HAC VICE FEES paid by attorney Robert A. Rutter, appearing on behalf of Tavistock Restaurants Group, LLC (Filing fee $150 receipt number ORL097823.) Related document: 62 Unopposed MOTION for Robert A. Rutter to appear pro hac vice . (TNP) (Entered: 04/22/2021) |
| 04/23/2021 | 68 | Second MOTION for Robert A. Rutter to appear pro hac vice by Tavistock Restaurants Group, LLC. (Attachments: # 1 Special Admission Attorney Certification)(Neiman, David) Motions referred to Magistrate Judge Embry J. Kidd. (Entered: 04/23/2021) |
| 04/23/2021 | 69 | Second MOTION for Robert P. Rutter to appear pro hac vice by Tavistock Restaurants Group, LLC. (Attachments: # 1 Special Admission Attorney Certification)(Neiman, David) Motions referred to Magistrate Judge Embry J. Kidd. (Entered: 04/23/2021) |
| 04/23/2021 | 70 | Second MOTION for Nicholas A. DiCello to appear pro hac vice by Tavistock Restaurants Group, LLC. (Attachments: # 1 Special Admission Attorney Certification |

| | | (Neiman, David) Motions referred to Magistrate Judge Embry J. Kidd. (Entered: 04/23/2021) |
|---|---|---|
| 04/26/2021 | 71 | **ORDER granting Defendant's 68 Motion for Robert A. Rutter to Appear Pro Hac Vice; granting 69 Motion for Robert P. Rutter to Appear Pro Hac Vice; and granting 70 Motion for Nicholas A. DiCello to Appear Pro Hac Vice. Signed by Magistrate Judge Embry J. Kidd on 4/26/2021. (JLS)** (Entered: 04/26/2021) |
| 04/30/2021 | 72 | Second Amended NOTICE of a related action per Local Rule 1.07(c) by Zurich American Insurance Company. Related case(s): Yes (Attachments: # 1 Exhibit A - Memorandum Opinion and Order dated April 26, 2021)(Klevens, Shari) Modified text on 5/3/2021 (MEJ). (Entered: 04/30/2021) |
| 05/07/2021 | | PRO HAC VICE FEES paid by attorney Nicholas A. DiCello, appearing on behalf of Tavistock Restaurants Group, LLC (Filing fee $150 receipt number ORL098096.) Related document: 70 Second MOTION for Nicholas A. DiCello to appear pro hac vice . (KNC) (Entered: 05/07/2021) |
| 05/11/2021 | 73 | NOTICE of compliance *with CM/ECF Registration* by Zurich American Insurance Company (Clair, Alanna) (Entered: 05/11/2021) |
| 05/18/2021 | 74 | Third Amended NOTICE of a related action per Local Rule 1.07(c) by Zurich American Insurance Company. Related case(s): Yes (Pach, Lisa) Modified text on 5/19/2021 (MEJ). (Entered: 05/18/2021) |
| 05/24/2021 | 75 | **ENDORSED ORDER TO SHOW CAUSE why this case should not be consolidated with Case No. 6:21-cv-00830. The Parties are DIRECTED to provide a written response of no more than five (5) pages on or before Tuesday June 1, 2021. Signed by Judge Paul G. Byron on 5/24/2021. (CPH)** (Entered: 05/24/2021) |
| 05/25/2021 | 76 | RESPONSE TO ORDER TO SHOW CAUSE re 75 Order no pdf filed by Zurich American Insurance Company. (Pach, Lisa) (Entered: 05/25/2021) |
| 05/27/2021 | 77 | RESPONSE TO ORDER TO SHOW CAUSE re 75 Order no pdf filed by Tavistock Restaurants Group, LLC. (Neiman, David) (Entered: 05/27/2021) |
| 05/27/2021 | 78 | **ORDER Consolidating this action with Case No. 6:21-cv-830. The Clerk is DIRECTED to consolidate Case No. 6:21-cv-830 with Case No. 6:20-cv-1295 for all purposes. The Court designates Case No. 6:20-cv-1295 as the lead case. All filings from this point forward shall be filed in the lead case. Signed by Judge Paul G. Byron on 5/27/2021. (JBS)** (Entered: 05/27/2021) |
| 06/24/2021 | 79 | MOTION to Amend 55 Counterclaim by Tavistock Restaurants Group, LLC. (Attachments: # 1 Exhibit 1)(Neiman, David) (Entered: 06/24/2021) |
| 06/25/2021 | 80 | **ENDORSED ORDER granting 79 Motion to Amend Counterclaim. Defendant may amend its Counterclaim on or before Friday, July 2, 2021. Signed by Judge Paul G. Byron on 6/25/2021. (CPH)** (Entered: 06/25/2021) |
| 06/28/2021 | | Set/reset deadlines/hearings: Amended Counterclaim due by 7/2/2021 (MEJ) (Entered: 06/28/2021) |
| 07/01/2021 | 81 | Joint MOTION to Modify 51 Case Management and Scheduling Order and Continue Trial by Zurich American Insurance Company. (Clair, Alanna) Modified event on 7/2/2021 (MEJ). (Entered: 07/01/2021) |
| 07/02/2021 | 82 | Amended COUNTERCLAIM against Zurich American Insurance Company filed by Tavistock Restaurants Group, LLC. (Attachments: # 1 Exhibit A - Zurich Policy, # 2 Exhibit B - Zurich Claim Denial, # 3 Exhibit C - Zurich New York EDGE II Filing, # 4 |

| | | |
|---|---|---|
| | | Exhibit D - Louisiana EDGE Endorsement Filing, # 5 Exhibit E - Modified Louisiana Endorsement)(Neiman, David) (Entered: 07/02/2021) |
| 07/07/2021 | 83 | **ENDORSED ORDER granting 81 Joint Motion to Amend Case Management Scheduling Order. An Amended Case Management Scheduling Order is forthcoming. Signed by Judge Paul G. Byron on 7/7/2021. (CPH)** (Entered: 07/07/2021) |
| 07/07/2021 | 84 | **AMENDED CASE MANAGEMENT AND SCHEDULING ORDER.** Discovery due by 12/1/2021 Dispositive motions due by 12/30/2021 Pretrial statement due by 4/18/2022 All other motions due by 4/18/2022 Plaintiff disclosure of expert report due by 9/30/2021 Defendant disclosure of expert report due by 11/4/2021 Final Pretrial Conference set for 5/17/2022 at 03:00 PM in Orlando Courtroom 4 B before Judge Paul G. Byron Jury Trial set for 6/6/2022 at 09:00 AM in Orlando Courtroom 4 B before Judge Paul G. Byron. Conduct mediation hearing by 12/14/2021. Lead counsel to coordinate dates. Signed by Judge Paul G. Byron on 7/7/2021. (GNB) ctp (Entered: 07/07/2021) |
| 07/16/2021 | 85 | MOTION to Dismiss 82 Amended Counterclaim for Failure to State a Claim by Zurich American Insurance Company. (Clair, Alanna) Modified text on 7/19/2021 (MEJ). (Entered: 07/16/2021) |
| 07/23/2021 | 86 | Unopposed MOTION to File Excess Pages , Unopposed MOTION for Extension of Time to File Response/Reply as to 85 MOTION to Dismiss 82 Amended Counterclaim for Failure to State a Claim by Tavistock Restaurants Group, LLC. (Neiman, David) (Entered: 07/23/2021) |
| 07/26/2021 | 87 | **ENDORSED ORDER granting 86 Agreed Motion to File Excess Pages; granting in part and denying in part 86 Agreed Motion for Extension of Time to File Response / Reply. Tavistock may have an additional five pages to respond to Zurich's Motion to Dismiss. Tavistock may file its response to Zurich's Motion to Dismiss on or before August 13, 2021. However, the Motion is DENIED to the extent that the parties presume that Zurich can reply. Under Local Rule 3.01(d), no party may file a reply directed to a response except to a response to a motion for summary judgment. The parties do not explain why a reply brief is necessary, and they do not specify the length of the reply brief. Signed by Judge Paul G. Byron on 7/26/2021. (CPH)** (Entered: 07/26/2021) |
| 07/27/2021 | | Set/reset deadlines as to 85 MOTION to Dismiss 82 Amended Counterclaim for Failure to State a Claim. Responses due by 8/13/2021 (MEJ) (Entered: 07/27/2021) |
| 08/13/2021 | 88 | MEMORANDUM in opposition re 85 Motion to Dismiss for Failure to State a Claim filed by Tavistock Restaurants Group, LLC. (Attachments: # 1 Exhibit)(Neiman, David) (Entered: 08/13/2021) |
| 08/25/2021 | 89 | MOTION for Leave to File Other Document :Reply to Tavistock Restaurants Leoup, LLC's Opposition to Motion to Dismiss by Zurich American Insurance Company. (Clair, Alanna) Motions referred to Magistrate Judge Embry J. Kidd. (Entered: 08/25/2021) |
| 08/30/2021 | 90 | Amended NOTICE of mediation conference/hearing to be held on 10/19/2021 at 10:00 am before Terrence M. White. (Clair, Alanna) Modified text on 8/30/2021 (MEJ). (Entered: 08/30/2021) |
| 09/07/2021 | 91 | NOTICE of supplemental authority re 85 MOTION to Dismiss 82 Amended Counterclaim for Failure to State a Claim by Zurich American Insurance Company. (Clair, Alanna) (Entered: 09/07/2021) |
| 09/10/2021 | 92 | **ENDORSED ORDER granting 89 Motion for Leave to File Document. Plaintiff may** |

| | | file a reply, not to exceed 10 pages, on or before **September 20, 2021.** Signed by Judge Paul G. Byron on 9/10/2021. (CPH) (Entered: 09/10/2021) |
|---|---|---|
| 09/13/2021 | | Set/reset deadlines/hearings: Reply to [88](#) due by 9/20/2021. (MEJ) (Entered: 09/13/2021) |
| 09/17/2021 | [93](#) | Joint MOTION to Clarify and Modify Expert Disclosure Deadlines in re [84](#) Case Management and Scheduling Order by Zurich American Insurance Company. (Klevens, Shari) Modified event on 9/20/2021 (MEJ). (Entered: 09/17/2021) |
| 09/20/2021 | [94](#) | NOTICE of supplemental authority by Tavistock Restaurants Group, LLC. (Attachments: # [1](#) Exhibit A - Order)(Neiman, David) Modified text on 9/20/2021 (MEJ). (Entered: 09/20/2021) |
| 09/20/2021 | [95](#) | **ORDER granting [93](#) Motion for Clarification and Modification of Amended Case Management Scheduling Order. The expert disclosure deadlines apply to the parties equally--see Order for details. The plaintiff's (and counter-plaintiff's) expert report disclosure deadline is extended to October 15, 2021. The defendant's (and counter-defendant's) expert report disclosure deadline is extended to November 19, 2021. The parties are not relieved of any other deadlines set forth in the Amended Case Management Scheduling Order, and no other deadlines in the Amended Case Management Scheduling Order are extended as a result of this Order. Signed by Judge Paul G. Byron on 9/20/2021. (CPH)** Modified on 9/21/2021 (GNB). (Entered: 09/20/2021) |
| 09/20/2021 | [96](#) | REPLY to Response to Motion re [85](#) MOTION to Dismiss [82](#) Amended Counterclaim for Failure to State a Claim filed by Zurich American Insurance Company. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B)(Klevens, Shari) (Entered: 09/20/2021) |
| 09/21/2021 | | Set/reset scheduling order deadlines: Defendant disclosure of expert report due by 11/19/2021 Plaintiff disclosure of expert report due by 10/15/2021 (MEJ) (Entered: 09/21/2021) |
| 09/21/2021 | [97](#) | NOTICE by Zurich American Insurance Company of Filing Corrected Exhibit "B" re [96](#) Reply to Response to Motion to Dismiss Amended Counter-Complaint (Attachments: # [1](#) Exhibit B - Part 1 of 2, # [2](#) Exhibit B - Part 2 of 2)(Pach, Lisa) Text modified on 9/22/2021 (RDO). (Entered: 09/21/2021) |
| 09/22/2021 | [98](#) | Unopposed MOTION for Christina M. Carroll to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC-18734547 for $150 by Zurich American Insurance Company. (Pach, Lisa) Motions referred to Magistrate Judge Embry J. Kidd. (Entered: 09/22/2021) |
| 09/23/2021 | [99](#) | **ORDER granting [98](#) Unopposed Motion for Christina M. Carroll to Appear Pro Hac Vice. Signed by Magistrate Judge Embry J. Kidd on 9/23/2021. (CB)** (Entered: 09/23/2021) |
| 09/27/2021 | [100](#) | Second NOTICE of supplemental authority by Tavistock Restaurants Group, LLC. (Attachments: # [1](#) Exhibit A)(Neiman, David) Modified on 9/28/2021 (MEJ). (Entered: 09/27/2021) |
| 10/01/2021 | [101](#) | Second NOTICE of supplemental authority re [85](#) MOTION to Dismiss [82](#) Amended Counterclaim for Failure to State a Claim by Zurich American Insurance Company. (Attachments: # [1](#) Exhibit A)(Carroll, Christina) Modified text on 10/4/2021 (MEJ). (Entered: 10/01/2021) |
| 10/07/2021 | [102](#) | Third NOTICE of supplemental authority re [85](#) MOTION to Dismiss [82](#) Amended Counterclaim for Failure to State a Claim by Zurich American Insurance Company. (Attachments: # [1](#) Exhibit A)(Carroll, Christina) Modified text on 10/8/2021 (TNP). (Entered: 10/07/2021) |

| | | |
|---|---|---|
| 10/12/2021 | [103](#) | NOTICE of Withdrawal of Document by Tavistock Restaurants Group, LLC re [100](#) Notice of filing supplemental authority (Neiman, David) Modified text on 10/12/2021 (TNP). (Entered: 10/12/2021) |
| 10/15/2021 | [104](#) | Joint MOTION for Discovery/Entry of a Rule 502(d) Order by both parties. (Attachments: # [1](#) Text of Proposed Order A)(Klevens, Shari) Motions referred to Magistrate Judge Embry J. Kidd. Text modified on 10/18/2021 (RDO). (Entered: 10/15/2021) |
| 10/19/2021 | [105](#) | Amended Second NOTICE of supplemental authority re [85](#) MOTION to Dismiss [82](#) Amended Counterclaim for Failure to State a Claim by Tavistock Restaurants Group, LLC. (Neiman, David) Modified text on 10/19/2021 (TNP). (Entered: 10/19/2021) |
| 10/19/2021 | [106](#) | Third NOTICE of supplemental authority re [85](#) MOTION to Dismiss [82](#) Amended Counterclaim for Failure to State a Claim by Tavistock Restaurants Group, LLC. (Neiman, David) Modified text on 10/19/2021 (TNP). (Entered: 10/19/2021) |
| 10/20/2021 | [107](#) | Fourth NOTICE of supplemental authority re [85](#) MOTION to Dismiss [82](#) Amended Counterclaim for Failure to State a Claim *Fourth Notice of Supplemental Authority* by Zurich American Insurance Company. (Carroll, Christina) Modified text on 10/21/2021 (TNP). (Entered: 10/20/2021) |
| 10/22/2021 | [108](#) | **ORDER granting [104](#) Joint Motion for Entry of Rule 502(d) Order. Signed by Magistrate Judge Embry J. Kidd on 10/22/2021. (CB)** (Entered: 10/22/2021) |
| 10/28/2021 | [109](#) | MOTION to Compel Documentary Discovery from Plaintiff by Tavistock Restaurants Group, LLC. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3, # [4](#) Exhibit 4, # [5](#) Exhibit 5)(Neiman, David) Motions referred to Magistrate Judge Embry J. Kidd. Modified on 10/29/2021 (SPM). (Entered: 10/28/2021) |
| 10/29/2021 | 110 | **ENDORSED ORDER denying without prejudice [109](#) Motion to Compel, for failure to comply with the [5](#) Order on Discovery Motions. Signed by Magistrate Judge Embry J. Kidd on 10/29/2021. (Kidd, Embry)** (Entered: 10/29/2021) |
| 10/29/2021 | [111](#) | MOTION to Compel Tavistock Restaurants Group, LLC to Comply with Rule 26 Disclosure Requirements and Provide Discovery Responses by Zurich American Insurance Company. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C, # [4](#) Exhibit D, # [5](#) Exhibit E, # [6](#) Exhibit F)(Carroll, Christina) Motions referred to Magistrate Judge Embry J. Kidd. (Entered: 10/29/2021) |
| 11/01/2021 | [112](#) | **ORDER granting [85](#) Motion to Dismiss for Failure to State a Claim. The Counterclaim [82](#) is DISMISSED WITHOUT PREJUDICE. On or before Monday, November 15, 2021, Defendant/Counter-Plaintiff Tavistock Restaurants Group, LLC may file an Amended Counterclaim consistent with the directives of this Order, if it believes it can do so in accordance with Rule 11. Failure to timely file an Amended Counterclaim in accordance with the requirements of this Order will result in closure of this action without further notice. Alternatively, on or before Monday, November 15, 2021, Defendant/Counter-Plaintiff Tavistock Restaurants Group, LLC may request the Court to enter judgment dismissing the Counterclaim with prejudice based on the rulings in this Order to perfect the issue for appeal. Failure to timely file a request to enter judgment dismissing the Counterclaim with prejudice will result in closure of this action without further notice. Signed by Judge Paul G. Byron on 11/1/2021. (CPH)** (Entered: 11/01/2021) |
| 11/03/2021 | [113](#) | MOTION for Judgment on the Pleadings and Incorporated Memorandum of Law in Support by Zurich American Insurance Company. (Carroll, Christina) Text modified on 11/4/2021 (RDO). (Entered: 11/03/2021) |

| 11/04/2021 | 114 | Consent MOTION to Stay Discovery by Zurich American Insurance Company. (Carroll, Christina) (Entered: 11/04/2021) |
|---|---|---|
| 11/05/2021 | 115 | **ENDORSED ORDER denying 114 Motion to Stay Discovery. The Court does not stay deadlines pending the resolution of motions. Signed by Judge Paul G. Byron on 11/5/2021. (CPH)** (Entered: 11/05/2021) |
| 11/05/2021 | 116 | **ORDER granting 111 Motion to Compel. On or before November 19, 2021, Tavistock is ORDERED to amend its Rule 26(a) disclosures to provide any damages witnesses or computation of damages, as applicable; provide full answers to Plaintiff's First Set of Interrogatories Nos. 11-13; and produce documents responsive to Plaintiff's First RFPs Nos. 13, 23, 25, 32, 39, 48-49, and 52-53. Signed by Magistrate Judge Embry J. Kidd on 11/5/2021. (CB)** (Entered: 11/05/2021) |
| 11/08/2021 | 117 | RESPONSE in Opposition re 113 MOTION for Judgment on the Pleadings and Incorporated Memorandum of Law in Support filed by Tavistock Restaurants Group, LLC. (Neiman, David) (Entered: 11/08/2021) |
| 11/09/2021 | 118 | MOTION to Compel Defendant Tavistock Restaurants Group, LLC to Comply with Rule 26 Expert Disclosure Requiriements. by Zurich American Insurance Company. (Attachments: # 1 Exhibit -A, # 2 Exhibit -B, # 3 Exhibit -C, # 4 Exhibit -D, # 5 Exhibit -E)(Carroll, Christina) Motions referred to Magistrate Judge Embry J. Kidd. (Entered: 11/09/2021) |
| 11/12/2021 | 119 | MOTION for Miscellaneous Relief, specifically Relief in Accordance with the 112 Court's November 1, 2021 Ruling by Tavistock Restaurants Group, LLC. (Neiman, David) Modified on 11/15/2021 (SPM). (Entered: 11/12/2021) |
| 11/17/2021 | 120 | **ORDER granting 119 Motion for Relief in Accordance with the Court's November 1, 2021 Ruling. Tavistock's Counterclaim is DISMISSED WITH PREJUDICE. Tavistock is DIRECTED to advise the Court whether it intends to oppose Zurich's Motion for Judgment on the Pleadings on or before Friday, November 19, 2021. If Tavistock has no objection, then the Court will grant Zurich's Motion for Judgment on the Pleadings for the reasons stated in its November 1, 2021 Ruling and close the file to facilitate appeal. Signed by Judge Paul G. Byron on 11/17/2021. (CPH)** (Entered: 11/17/2021) |
| 11/18/2021 | 121 | Joint RESPONSE re 120 Order on Motion for Miscellaneous Relief filed by Zurich American Insurance Company. (Carroll, Christina) Modified text on 11/19/2021 (TNP). (Entered: 11/18/2021) |
| 11/19/2021 | 122 | **ORDER granting 113 Motion for Judgment on the Pleadings. The Clerk of Court is DIRECTED to enter judgment in favor of Zurich and against Tavistock and to thereafter close the file. Signed by Judge Paul G. Byron on 11/19/2021. (CPH)** (Entered: 11/19/2021) |
| 11/22/2021 | 123 | JUDGMENT in favor of Zurich American Insurance Company against Tavistock Restaurants Group, LLC. (Signed by Deputy Clerk) (LDJ) (Entered: 11/22/2021) |

---

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/29/2021 14:44:41 | | |
| **PACER Login:** | dneiman11 | **Client Code:** | |
| **Description:** | Docket | **Search** | 6:20-cv-01295-PGB- |

|  | Report | Criteria: | EJK |
|---|---|---|---|
| **Billable Pages:** | 15 | **Cost:** | 1.50 |